PER CURIAM.
Williams appeals the denial of his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. His motion attacks the trial court’s retention of jurisdiction over one-third of the seventy-five-year sentence imposed upon him by succinctly stating that the trial court failed to state any reason for retaining jurisdiction. The form order denying relief recites, inter alia, that “the Court having examined the said Motion and finding that the allegations contained therein do not constitute legal grounds for granting a new trial or release of the prisoner,” the motion is denied.
Having been furnished nothing other than the motion and the order denying same, we must reverse the order denying *883 relief and remand the cause to the trial court with directions to attach that part of the record that sets forth the “justification with individual particularity” for retention of jurisdiction, or, if no such record now exists, to make one. On the record before us, the trial court’s retention of jurisdiction is unlawful, see § 947.16(3)(a), Fla.Stat. (1981); Rosa v. State, 412 So.2d 891 (Fla. 3d DCA 1982), and the motion unquestionably set forth a legal ground showing that the “sentence is otherwise subject to collateral attack.” See Fla.R.Cr.P. 3.850.
If, as we suspect, there was some proper basis for denying the motion, a good deal of judicial labor would have been saved by making that basis appear of record rather than signing an inappropriate perfunctory order denying relief. If the record did not reflect the required statement of justification for retention of jurisdiction, then a good deal of judicial labor would have been saved by the trial court having immediately recognized and corrected this deficiency.
Reversed and remanded with directions.