486 So.2d 669 (1986)
Terry E. SMELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BF-215.
District Court of Appeal of Florida, First District.
April 10, 1986.
Michael E. Allen, Public Defender, Kenneth D. Driggs, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
This is an appeal from a judgment and sentence for burglary of a dwelling and violation of probation by which appellant was sentenced to 15 years' incarceration. We affirm.
Among appellant's points on appeal is the contention that the trial court committed reversible error by not conducting a Nelson inquiry at the sentencing hearing, after appellant stated in a letter to his court-appointed counsel that he was dissatisfied with the attorney's performance. See Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). At the January 20, 1985 sentencing hearing, before the trial court sentenced appellant, his counsel (Mr. Norton) told the court:
I received a letter from Mr. Smelley indicating to me that he didn't want me to represent him; that I was not doing the best of my capabilities in his behalf. I don't know that he still feels that way. I think it's something we need to address on the record though.
I wrote a letter to him in response and I won't get into that, but basically he's asking to be appointed another lawyer.
The court responded that it could not appoint a different public defender, stating, "it's either yourself or Mr. Norton as far as the court's concerned unless you're able to hire an attorney or unless you have an attorney here today, and I assume that you don't." Appellant said he would go ahead with the proceeding with his present attorney. The trial court then stated that it intended to depart from the recommended guidelines sentence of 9-12 years. The court did so, and subsequently set forth its reasons in writing. Appellant contends that the court erred in not conducting a Nelson inquiry at the time.
In Nelson the court stated:
... Where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court-appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court-appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed *670 adequate time to prepare the defense.
Based on the statement of counsel for appellant (in his presence), the trial court was not required to make a full inquiry. "Incompetency" was not cited as the reason for appellant's concern. His expression was instead an ambiguous statement of dissatisfaction with his attorney's not "doing the best of [his] capabilities" and did not amount to an assertion of counsel incompetence requiring exploration or verification as a predicate for substitution. Appellant made no attempt to clarify his request at the hearing. The court therefore was not required to make a further inquiry of appellant or his attorney, and not required to appoint new counsel.
Appellant also argues in this appeal that the trial court did not give adequate notice of its intention to depart from the guidelines, and that the court's reasons for departure were not clear and convincing. We also find no reversible error on these grounds. Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984).
Affirmed.
BOOTH, C.J., and SMITH, J., concur.