PER CURIAM.
Following a shooting incident in which one person died, a grand jury indicted Fidel Diaz on charges of first degree murder, § 782.04, Fla.Stat. (1979), attempted first degree murder (two counts), §§ 782.04(1), 777.04(1), Fla.Stat. (1979), and attempted robbery, §§ 812.13, 777.04, Fla.Stat. (1979). At trial, despite timely defense objection, the trial court permitted the state to cross-examine a psychiatric witness by posing a hypothetical question concerning Diaz’s conduct when police advised him of his Miranda rights at the time of his arrest. The state sought to establish that Diaz’s request for an attorney demonstrated that he was sane at the time of the offenses. Defense counsel objected to the question as *1145 a violation of Diaz’s right to remain silent, and unsuccessfully sought a mistrial. The jury found Diaz guilty, as charged, and the trial court entered convictions and sentences.
On appeal, Diaz challenges his convictions on two grounds: he alleges that the trial court erred in permitting the state to use his post-Miranda request for an attorney to rebut his insanity defense; in addition, Diaz argues that the trial court erred in failing to suppress incriminating statements he made to Maria Torres, his “common law” wife, one of the victims of the offenses charged. Diaz asserts that Torres surreptitiously obtained these statements while acting as an agent for the state. We reverse on the first ground and remand for a new trial.
The state defends its use of the challenged testimony on the ground that Diaz either opened the door to testimony about his post-arrest statements and conduct or waived his right to complain on appeal. See Allah v. State, 471 So.2d 121 (Fla.3d DCA 1985), review denied, 485 So.2d 426 (Fla.1986). We reject the state’s contentions as contrary to the record.
Reviewing applicable case law, we find that State v. Burwick, 442 So.2d 944 (Fla.1983), cert. denied, 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984), warns of the dubious probative value of post-arrest, post-Miranda silence and precludes the state from confirming a defendant’s mental state with evidence of his post-Miranda conduct.[1] Predicating its holding on the fundamental unfairness of the state’s luring a defendant into remaining silent by implicitly promising not to use the silence against him and then impeaching him with that silence, the court stated:
To permit the state to benefit from the fruits of its own deceptions violates the due process clause of the fourteenth amendment and article I, section 9, of the Florida Constitution. See Doyle v. Ohio, [426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)]; see also United States v. Hale, 422 U.S. 171, 182, 95 S.Ct. 2133, 2139, 45 L.Ed.2d 99, [108] (White, J., Concurring).
Burwick, 442 So.2d at 947. See also Wainwright v. Greenfield, 474 U.S. -, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986). Thus, reversal is mandated unless the error is shown to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
There is no question of harmless error under the circumstances of this case. DiGuilio. “Application of the [harmless error] test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.” DiGuilio, 491 So.2d at 1138. The record before us reveals that the state failed to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict. DiGuilio. Because the state relied on Diaz’s exercise of his right to remain silent to prove his sanity, we reject the suggestion that any error on this ground was harmless.
Our decision makes it unnecessary for us to reach Diaz’s remaining point concerning the admission of incriminating statements he made to Torres while she allegedly acted as a state agent. If Diaz is able to establish on retrial that Torres was an agent of the state, he may be entitled to relief. See Malone v. State, 390 So.2d 338 (Fla.1980), cert. denied, 450 U.S. 1034, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981); see also Kuhlmann v. Wilson, — U.S. -, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).
Reversed and Remanded.

. Diaz went to trial prior to the release of the supreme court opinion in State v. Burwick, 442 So.2d 944 (Fla.1983), cert. denied, 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984), which overruled Greenfield v. State, 337 So.2d 1021 (Fla. 2d DCA 1976), remanded, 364 So.2d 885 (Fla.1978). Applying the then-applicable Greenfield decision and its progeny, the trial court allowed the state to pose a hypothetical question based on Diaz’s post-Miranda conduct to demonstrate that Diaz was sane at the time of the offenses.