560 So.2d 1239 (1990)
Alfred JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-704.
District Court of Appeal of Florida, First District.
April 5, 1990.
Rehearing Denied June 1, 1990.
Michael E. Allen, Public Defender; Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant/defendant appeals the denial of his motion to dismiss court-appointed counsel, claiming that the trial court failed to conduct a proper inquiry as set out in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) and approved in Hardwick v. State, 521 So.2d 1071 (Fla. 1988). We disagree, and affirm.
Immediately prior to jury selection at the 1989 trial, appellant's court-appointed counsel made the following announcement:
MR. PARKER: Your Honor, my client has asked me to withdraw as attorney of record inasmuch as I cannot in good faith handle his defense as he would desire for me to do. I respect that, Your Honor. My client has a certain agenda as to questions he wants to ask during the trial, and I have certain things that I want to do as the attorney in what I *1240 think is in the best interest of my client. I cannot agree to be told what I should ask witnesses and how to cross examine witnesses in a trial. I cannot do that, Judge. If I am told to do that, Judge, it is a violation of my oath as an attorney. I feel like that I cannot continue to defend the defendant based on those representations.
... .
My client feels there is a certain way to handle his defense. I apparently do not agree with the way he wants to handle it.
I believe at this point in time, Your Honor, I cannot continue to represent my client because I would be a liability to him. I cannot prepare his case the way he wants it to be prepared and I would respectfully ask the Court to allow me to withdraw as attorney of record for Mr. Johnson.
The trial court denied the motion to withdraw, stating:
THE COURT: That motion will be denied.
I agree with you that you cannot allow Mr. Johnson to dictate what questions you will ask witnesses. You are bound by the Canons of Ethics, as would be any other attorney that I appointed, and you also must be bound by what you feel is in your client's best interest. That would be true of any other attorney I appointed.
... .
Mr. Johnson is not trained in these rules and does not know the bounds of the rules of criminal procedure or the rules of ethics, and, therefore, his wishes as to questioning of the jurors,  if they transgress those rules must be ignored.
Mr. Johnson, that is going to be true of any attorney I appointed for you. And it will be true if you had no attorney. I would not let you ask a single question that was not proper, and you are not going to. So, sit down and let's start the trial.
The trial then proceeded, and defendant was found guilty of sale of cocaine and sentenced to 6 1/2 years incarceration.
The Fourth District in Nelson, supra, held that when a defendant lets it be known that he wishes to discharge his court-appointed counsel, the trial court should inquire of the defendant as to his reason for requesting discharge. If incompetency of counsel is given as a reason, the trial court should then make further inquiry to determine whether there is reasonable cause to support the allegation. If reasonable cause appears, the court should appoint substitute counsel; if no reasonable cause appears, the court should then advise the defendant that if he insists on discharging his original counsel, the State may not be required to appoint a substitute. See Nelson, 274 So.2d at 258-259. Where incompetency of counsel is not the stated basis for the defendant's motion to discharge, the trial court is not required to conduct a full inquiry as set out in Nelson. Smelley v. State, 486 So.2d 669 (Fla. 1st DCA 1986).
In the instant case, no written motion to discharge was ever filed. The only statement of reasons for discharge thus appeared in defense counsel's statement on the day of trial that he could not in good faith conduct appellant's defense as appellant desired him to do. Based on the statement of defense counsel, made in appellant's presence, we find that appellant's motion to discharge alleged conflict rather than incompetency of counsel and, therefore, that the trial court was not obligated to conduct the inquiry set out in Nelson. Smelley, supra. Accordingly, we hereby affirm appellant's conviction without prejudice to his right to seek collateral relief by way of Rule 3.850, Fla.R.Crim.P.
WIGGINTON and BARFIELD, JJ., concur.