SCHWARTZ, Chief Judge.
Rejecting the appellant’s sole claim of error in his conviction of first degree murder and related crimes, we conclude that *200 the grounds he asserted in support of his second application for discharge and replacement of his court appointed counsel[1] were patently insufficient to require the extended court inquiry the denial of which he now challenges. Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990); Smelley v. State, 486 So.2d 669 (Fla. 1st DCA 1986). The motion was therefore properly denied.
The trial judge retained jurisdiction to “veto” parole for one-third of the defendant’s sentence under section 947.-16(4)(d), Florida Statutes (1985), which, although since repealed, was in effect at the time of the offenses involved in this case. Because no written reasons were set out, the state agrees that the retention was erroneous, see Marshall v. State, 448 So.2d 603 (Fla. 3d DCA 1984), and that portion of the sentence is therefore stricken. Under the circumstances of this case, including its age,[2] the nature of the underlying sentence — life without parole for twenty-five years — and the likelihood that this statutory provision is no longer legally operative, 22 C.J.S. Criminal Law § 28 (1989) (“where an amendatory statute mitigates punishment and there is no saving clause, the amendment will operate retroactively so that the lighter punishment is involved”), we deem it inappropriate to remand for further proceedings on this point. See also Pope v. State, 561 So.2d 554 (Fla. 1990) (written reasons required for departure from sentencing guidelines cannot be supplied after reversal).
Affirmed in part, reversed in part.

. A similar earlier motion had been granted.

. Diaz’s first conviction and sentence were reversed by this court in Diaz v. State, 492 So.2d 1144 (Fla. 3d DCA 1986).