ERVIN, Judge.
Appellant seeks reversal of his conviction and habitual offender sentence imposed for sale and possession of cocaine with intent to sell. We agree with appellant that reversal and remand is necessary because the trial court erred in failing to advise him of his right to represent himself after appellant had asked the court to discharge his court-appointed lawyer; therefore, we do not address the remaining points which relate solely to sentencing errors.
After appellant questioned the competency of his court-appointed attorney, the trial court inquired concerning counsel’s performance, and concluded that there was no basis for appellant’s complaints. Although appellant was informed that should he dismiss his court-appointed counsel, the state would not be required to appoint substitute counsel, appellant was not told that he had the option of self-representation. Rather, appellant was told that it was too late to appoint a substitute attorney, and the trial court stated that there was nothing more that it could do. The trial court thereupon proceeded to jury selection despite appellant’s continued dissatisfaction with counsel. This was error.
To thrust counsel upon a defendant, against his considered wish, violates the logic of the Sixth Amendment of the United States Constitution, which guarantees rights necessary to a full defense, including the implied right to self-representation. Faretta v. California, 422 U.S. 806, 820-21, 95 S.Ct. 2525, 2533-34, 45 L.Ed.2d 562, 573-74 (1975). As this court stated in Taylor v. State, 557 So.2d 138, 143 (Fla. 1st DCA 1990), the trial court has a duty to advise a defendant that substitute counsel will not be appointed and that he has the right to represent himself. Such advice is necessary to ensure the defendant’s implied right to self-representation under the sixth amendment. See, e.g., Chiles v. State, 454 So.2d 726 (Fla. 5th DCA 1984).
The judgment and sentence are REVERSED and the case REMANDED for further proceedings.
WENTWORTH and WOLF, JJ., concur.