585 So.2d 390 (1991)
Arizona PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1674.
District Court of Appeal of Florida, First District.
August 21, 1991.
*391 Daniel S. Brim, Fernandina Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Asst. Atty. Gen., for appellee.
CAWTHON, Senior Judge.
Arizona Perkins appeals from a Judgment and Sentence on the charge of sale or delivery of cocaine and an Order Denying his Motion For New Trial. The state filed an information charging Perkins with two separate instances of unlawful sale or delivery of cocaine. The first count was abandoned prior to trial, and the second count arose when Perkins allegedly sold about $20 worth of crack cocaine to an undercover police detective in Fernandina Beach on February 5, 1990. The trial court appointed the Public Defender to represent Perkins.
Before trial, Perkins personally filed a Motion For Replacement of Court-Appointed Counsel, alleging in part that he did not believe he was adequately represented. The trial court examined Perkins and counsel on the basis of the motion and summarily denied the request. The trial began on April 24, 1990, and concluded in a guilty verdict. The trial court sentenced Perkins under the habitual offender statute on May 21, 1990, and imposed a prison term of thirty years.
Appellant raises several issues for review, only one of which merits discussion. Appellant contends that the trial court failed to make sufficient inquiry into the effectiveness of court appointed counsel after appellant moved to replace counsel. We reverse based on Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990); and Jackson v. State, 572 So.2d 1000 (Fla. 1st DCA 1990). In Johnson, this court held:
[W]hen a defendant lets it be known that he wishes to discharge his court-appointed counsel, the trial court should inquire of the defendant as to his reason for requesting discharge. If incompetency of counsel is given as a reason, the trial court should then make further inquiry to determine whether there is reasonable cause to support the allegation. If reasonable cause appears, the court should appoint substitute counsel; if no reasonable cause appears, the court should then advise the defendant that if he insists on discharging his original counsel, the State may not be required to appoint a substitute.
*392 Id. at 1240 (citing Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973).
The trial court below did not go far enough in satisfying the inquiry standard. Perkins informed the trial court in a pre-trial motion that he wanted the court to discharge his court appointed counsel because he felt that he was "not adequately represent[ed] by present counsel." The trial court fairly interpreted Perkins's motion as requiring further inquiry into his request. The entire examination follows:
Q. Mr. Perkins, I have received your motion. I am not so sure of the basis for the motion. Why don't you try to explain the basis for it to me.
A. Well, Your Honor, I don't think I am being represented to the best of my [sic] ability ... [sic] that me and my counsel can't see eye to eye toward my case.
Q. What is he is [sic] or not doing that you want him to do or not do?
A. Well, I want him to come with more evidence towards what he ... [sic] toward giving me ... [sic] towards this case. I am being 
Q. What evidence?
A. What they supposed to have on me. I ain't sure what.
Q. What do you want him to do about the evidence that the State has?
A. They supposed to have a video or something on me, or something that.
Q. What about the video?
A. Well, that is what they said they have on me.
Q. What do you want him to do about the video?
A. Well, Judge, Your Honor, I feel like he ain't . .. [sic] he ain't going to defend me, you know, to the best of my [sic] ability.
Q. You have some basis for that feeling?
A. (No response.)
Q. I would need to know before I make a decision as to whether he is providing you with adequate representation.
A. Well, the reason that I am saying that is on the basis I am talking about is that he haven't brung no... [sic] you know, thought to why he can't defend my case to the best of my knowledge. He don't have no proof of them telling me that I did sell such and such to anyone. I ain't trying to defend nothing . .. [sic] like marked money or whatever they supposed to have, or something like that.
Q. Anything else?
A. No.
Q. I find no reason to grant this motion.
THE COURT: Mr. Morrissey, do you want to be heard?
MR. MORRISSEY: No, sir.
THE COURT: I will deny it.
Under Nelson, the trial court was required to examine both Perkins and counsel. Nelson, 274 So.2d at 259. From its limited inquiry the court could not find that the court appointed counsel had made a reasonable investigation" into the law and the facts.
Even if the trial court had conducted an adequate inquiry before finding counsel to be competent, the trial court was still obligated to advise appellant that his attorney could be discharged but the state would not be required to appoint substitute counsel and that appellant had the right to represent himself. Jackson v. State, 572 So.2d 1000 (Fla. 1st DCA 1990); Taylor v. State, 557 So.2d 138, 143-44 (Fla. 1st DCA 1990). In Faretta, the United States Supreme Court held that by forcing defendants to accept against their will state-appointed public defenders, trial courts deprive defendants of their constitutional right to conduct their own defense. The trial court failed to advise appellant that his counsel could be discharged without substitute counsel and to advise him of his right to self representation. We are unable to view this error as harmless, for the state argues only that the court did not err; it does not argue that the error was harmless and thus has not carried its burden. See Taylor, 557 So.2d at 144. Accordingly, we reverse appellant's conviction.
On remand, the trial court must make the appropriate inquiry before determining whether appellant's counsel is competent and must advise appellant that substitute counsel may not be provided and *393 advise him of his right of self representation. Jackson; Taylor. The trial court must inform appellant of the benefits associated with the right to counsel and the dangers of self representation. Id. If appellant seeks to exercise his right of self-representation, the trial court must make an inquiry as to whether the defendant made an intelligent waiver of his right to counsel and whether he was "literate, competent and understanding, and that he was voluntarily exercising his informed free will." Faretta, 422 U.S. at 835, 95 S.Ct. at 2541; Hart v. State, 529 So.2d 811, 812 (Fla. 1st DCA 1988). See also Johnston v. State, 497 So.2d 863 (Fla. 1986) (in determining whether a defendant has knowingly and intelligently waived his right to counsel, a trial court should inquire into, among other things: defendant's age, mental status, and lack of knowledge and experience in a criminal proceeding). Faretta and Rule 3.111(d), Florida Rules of Criminal Procedure, mandate a detailed inquiry by the trial court to ensure that the defendant knowingly and intelligently relinquished his right to counsel.
Based on the trial court's failure to make an adequate inquiry into the competence of appellant's counsel and its failure to advise appellant of his right of self representation, we REVERSE appellant's conviction and REMAND the case for a new trial.
ERVIN and WIGGINTON, JJ., concur.