596 So.2d 92 (1992)
Chris Durham DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1245.
District Court of Appeal of Florida, First District.
March 9, 1992.
*93 Nancy A. Daniels, Public Defender and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Chris Durham Davenport, appeals his judgment for sale and possession of cocaine, and his sentence as a habitual felony offender. He contends the trial court erred in granting his motion to discharge counsel without conducting a proper Nelson[1] inquiry, in failing to conduct a sufficient Faretta[2] inquiry to determine whether he knowingly and intelligently waived his right to counsel, in failing to renew the offer of assistance of counsel at the sentencing hearing, and in denying his rights to due process and equal protection at sentencing because of prosecutorial vindictiveness. We reverse and remand this case for new trial based upon appellant's first issue, and thus do not reach any of the remaining issues.
On May 29, 1990, immediately prior to jury selection, appellant filed a motion alleging that the assigned assistant public defender was providing ineffective assistance and was unprepared. Without asking Davenport or his attorney about the merits of these claims, the court ascertained that Davenport had previously suffered some psychological problems. The court terminated the hearing pending an independent evaluation by two physicians.
On August 20, 1990, another hearing was held in which Davenport was accompanied by a successor assistant public defender, the former having left the office. When asked whether he still wished to represent himself, Davenport conferred with the lawyer assigned and then told the court, "I think it will be in my best interest to represent myself." He admitted that he was having difficulty preparing his case, and that it would be better if he had a lawyer, but stated that he believed that the assistant public defender would associate through his office with someone named Bob Graham, whom he accused of having threatened him in a violent and racist manner in the past. He said that Graham would "corrupt [counsel's] mind into not defending me to the best of his ability."
The court then conducted an inquiry pursuant to Faretta to determine whether Davenport was knowingly and intelligently waiving his right to counsel. During the examination, the prosecutor urged the court to ask Davenport whether "he is requesting to represent himself pro se or he simply doesn't want a public defender or someone from the same office as Mr. Graham." The court declined. After repeatedly warning Davenport of the dangers of self-representation, the judge stated that he would permit Davenport to act as his own counsel, although he recommended that the assistant public defender provide "of counsel" assistance, to which Davenport agreed. The court added that a physician had examined Davenport and found him psychologically capable of acting as his own attorney. Davenport thereafter conducted his own defense at trial, whereupon the jury found him guilty as charged, *94 and conducted his defense as well at sentencing, where the court sentenced him to 30 years in prison as a habitual offender.
Under Nelson, when the issue of competence of counsel is raised, which in this case involved a claim of bias, the trial judge is required to ask the defendant and the appointed counsel about the allegations to determine if there is reasonable cause to believe that court-appointed counsel is providing ineffective assistance. If reasonable cause appears, the court must appoint a substitute attorney; if no reasonable cause appears, the court shall then advise the defendant that the state is not required to appoint a substitute lawyer. Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Parker v. State, 423 So.2d 553, 555 (Fla. 1st DCA 1982). If a defendant requests leave to discharge his or her court-appointed counsel, it is presumed that the defendant is exercising the right to self-representation; however, "the courts have long required that a request for self-representation be stated unequivocally." Hardwick, 521 So.2d at 1074 (emphasis added).
It is apparent that Davenport believed there was some kind of conflict or bias within the public defender's office which would impair the effectiveness of his attorney's advocacy, and his belief may also have been the basis for his request to discharge his lawyer, rather than an unequivocal desire to represent himself. The trial court made no inquiry regarding the problem which Davenport alleged, but instead merely stated that the assistant public defender was a veteran trial attorney, and further commented, "I doubt seriously if the association with anybody in his office will have anything to do with his ability and desire to make sure he represents you to the fullest." The court did not ask the attorney any questions, but simply presumed his impartiality.
This court has recently emphasized that a trial judge must examine both the defendant and court-appointed counsel when incompetence is alleged in order to determine whether counsel's investigation of the law and facts of the case was reasonable. Perkins v. State, 585 So.2d 390, 392 (Fla. 1st DCA 1991). The lower court's failure to conduct the requisite inquiry is all the more apparent when, in response to the prosecutor's observation that the court had not inquired whether Davenport simply did not want someone from the public defender's office to represent him, the court stated, "I don't know what inquiry you could make other than what he's said." Under the circumstances, we conclude the trial court erred in failing to conduct a Nelson inquiry to determine whether counsel was effectively representing Davenport's interests.
We reject the state's claim that this was harmless error, if any, because the public defender provided "constant" assistance. The transcript shows that the lawyer occasionally participated in appellant's defense, but it cannot reveal the extent of his contribution off the record. The error cannot be characterized as harmless.[3]
Accordingly, we REVERSE and REMAND this case for a new trial.
SMITH and ALLEN, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[3] The state also argues that Davenport failed to object and thus preserve for appeal the issue of whether the trial court conducted a Nelson inquiry. It is apparent from case law that once a defendant raises the issue of incompetency, it is incumbent on the trial court to question the defendant and counsel in conformance with Nelson. If the court's inquiry falls below the requisite standard, this constitutes reversible error and no further objection is necessary. See, e.g., Perkins v. State 585 So.2d 390, 392 (Fla. 1st DCA 1991); Parker v. State, 423 So.2d 553, 555 (Fla. 1st DCA 1982).