611 So.2d 575 (1992)
Floyd Thomas KENNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-544.
District Court of Appeal of Florida, First District.
December 31, 1992.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., for appellee.
PER CURIAM.
In this appeal of a criminal conviction, we must reject appellant's contention that the trial court failed to conduct the inquiry required by Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). While appellant expressed dissatisfaction with his lawyer during the trial, such dissatisfaction was based solely upon a claim that the lawyer had not made adequate visits to the jail. Appellant raised no instance of incompetence or inadequacy in the lawyer's handling of the defense. Since no error is shown, the convictions and sentences are affirmed. Watts v. State, 593 So.2d 198 (Fla. 1992), cert. denied, ___ U.S. ___, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992); Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990).
MINER and KAHN, JJ., concur.
ALLEN, J., dissents with written opinion.
ALLEN, Judge, dissenting.
When a defendant in a criminal case informs a trial judge that he wishes to discharge his court-appointed counsel, the judge must inquire of the defendant as to his reason for requesting discharge. If incompetency of counsel is given as a reason, the judge must make a sufficient inquiry of the defendant and his appointed counsel to determine whether there is reasonable cause to believe that the counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the judge should make a finding to that effect on the record and appoint a substitute attorney. If no reasonable basis appears for a finding of ineffective assistance of counsel, the judge should so state on the record and advise the defendant that if he discharges his counsel the state may not be required to appoint a substitute. See Hardwick v. State, 521 So.2d 1071 (Fla. 1988); Davenport v. State, 596 So.2d 92 (Fla. 1st DCA 1992); Perkins v. State, 585 So.2d 390 (Fla. *576 1st DCA 1991); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
During the first day of trial, the following transpired:
MR. BAZLEY [Defense Counsel]: Your Honor, if I may make a motion before the jury comes in.
Mr. Kenney has spoken with me and he no longer requests me to represent him in this matter and, you know, I believe he would like to make a statement to the court, and I would ask permission to withdraw from the case because he does not feel he is being adequately represented.
THE COURT: Mr. Kenney, I'd be happy to hear anything you want to say.
THE DEFENDANT: Yes, Your Honor. This attorney, I haven't seen him since last month, you know, and there's no way he can say, you know, he's ready to bring me in front of, you know, the jury and say we are going to, you know, perform a trial, you know, by him reading from depositions. He's supposed to already know that, you know?
I haven't seen him not one time. He hasn't been to the jail not once, you know, pertaining to this situation. You know, how can he come in here and perform a trial, you know, for me for my defense? Ain't no way he can do that.
THE COURT: Well, what it is [sic] you propose to do, Mr. Kinney, at this point?
THE DEFENDANT: What am I supposed to do?
THE COURT: This is the second lawyer you've had now. What is it you propose to do if you're going to release Mr. Bazley?
THE DEFENDANT: What I'm saying is this Judge. The lawyer is supposed to represent me, this is what I'm saying, to the best of his knowledge, you know, because he got his license from the Florida Bar and he was under oath when he took his license to do that. This lawyer is not doing that. This lawyer hasn't been over there to see me not once pertaining to this case.
THE COURT: Well, what is it you propose to do, Mr. Kenney? Do you want to represent yourself?
THE DEFENDANT: He's supposed to prepare 
THE COURT: Do you want to represent yourself, Mr. Kenney?
THE DEFENDANT: No, sir, I don't.
THE COURT: Well, I'm not going to relieve Mr. Bazley after a half a day of trial and appoint someone else to represent you.
THE DEFENDANT: But, see, we had this problem along the way, a while back also, you know, because I tried to file several motions, you know?
THE COURT: Mr. Kenney, all I want to know from you is do you want to represent yourself at this point?
THE DEFENDANT: No, sir, I don't want to represent myself and I do not want Mr. Bazley to represent me.
THE COURT: The court has found nothing at this point in the trial to suggest that Mr. Bazley is in any way incompetent to represent you or that he's unprepared to represent you.

THE DEFENDANT: Well, he got 
THE COURT: On the contrary, it appears to the court that Mr. Bazley is doing the best that he can with a difficult case.
Now, since you don't want to represent yourself and I don't intend halfway through the trial to appoint a third lawyer to represent you 
THE DEFENDANT: No, this will only be a second one.
THE COURT: No, it would be your third.
THE DEFENDANT: No, second.
THE COURT: No it would be the third, Mr. Kenney, because Mr. Hellmuth previously moved to withdraw in this case and that's how you got Mr. Bazley.
THE DEFENDANT: Right.
THE COURT: So, it would be the third lawyer.
THE DEFENDANT: Right. But what I'm saying is this.
THE COURT: What I'm saying is that your motion is denied.

*577 THE DEFENDANT: Oh, okay.
THE COURT: And Mr. Bazley, your motion to withdraw is likewise denied.
(Emphasis supplied.)
The appellant therefore told the trial judge that he wanted to discharge his court-appointed counsel because the lawyer had not adequately prepared for trial. This was an allegation of incompetence of counsel which immediately obligated the judge to follow the procedure outlined in the decisions cited above. Specifically, the judge was required to "examine both the defendant and court-appointed counsel ... in order to determine whether counsel's investigation of the law and facts of the case was reasonable." Davenport v. State, 596 So.2d at 94 (citing Perkins v. State, 585 So.2d at 392). But the judge conducted no such examination of the appellant or his counsel. The judge's inquiry of the appellant was limited to whether he wanted to represent himself and did not involve any questioning of the appellant relevant to his assertion that his counsel was unprepared for trial. And the judge asked the appellant's counsel absolutely nothing.
The transcript reveals that the appellant is not particularly articulate, and the judge's failure to comply with the required procedure might be excused if there were doubt that the appellant had adequately communicated his complaint. However, clearly the judge did understand the nature of the appellant's complaint because the judge made the specific oral finding that there was "nothing at this point in the trial to suggest that Mr. Bazley is in any way incompetent to represent [the appellant] or that he's unprepared to represent [the appellant]." (Emphasis supplied.)
The majority relies upon Watts v. State, 593 So.2d 198 (Fla. 1992), and Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990), but those decisions are not applicable to the situation presented here. The reported facts in Watts do not indicate that the defendant asserted that his attorneys' failure to visit with him in jail caused them to be unprepared or otherwise incompetent or ineffective. And, in that case, defense counsel presented a response and denial regarding the defendant's allegations. The defendant in Johnson likewise did not assert incompetence. The asserted basis for the request to discharge court-appointed counsel there was simply a disagreement over trial strategy.
The majority also says that the appellant "raised no instance of incompetence or inadequacy in the lawyer's handling of the defense." Because the appellant's remarks can be understood as an assertion that his appointed counsel never discussed his case with him prior to trial, I do not necessarily agree with the quoted language from the majority opinion. But any difference with the majority on this point is not determinative of the issue presented, because the appellant was not obligated to point out an instance of incompetence or inadequacy in order to trigger the procedure required by the cited cases. He was merely required to express his desire to discharge his appointed counsel, which he did. Thereafter, he was only obligated to respond to proper inquiry by the trial judge. But, as has been said, the judge failed to properly inquire.
In my view, the trial judge's failure to conduct the examination and otherwise follow the procedure outlined in Hardwick, Davenport, Perkins, and Nelson was error. Because I am unable to conclude that this error was harmless, I would reverse the appellant's conviction and remand this cause for a new trial.