COPE, Judge.
Cedric Thomas appeals the trial court’s denial of his motion for post-conviction relief filed pursuant to Rule 3.850. We affirm.
Thomas was convicted, in 1983, of armed robbery. The trial court imposed a seventy-five year sentence. The sentencing judge, Judge Howard Gross, stated that he was retaining jurisdiction over one-third of Thomas’ sentence pursuant to subsection 947.16(3), Florida Statutes (Supp.1982).[1] Thomas’ court appointed appellate counsel filed an Anders[2] brief. This court affirmed Thomas’ conviction without opinion. Thomas v. State, 474 So.2d 228 (Fla. 3d DCA 1985) (Table).
In February, 1988, Thomas filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The motion asserted that at the 1983 sentencing hearing the court “failed to state in court or enter into the record its reasons for retaining jurisdiction.” The motion went on to acknowledge that reasons had, in fact, been stated, but the motion asserted that the reasons were insufficient. The motion sought to set aside the retention of jurisdiction.
The Rule 3.850 motion came to the attention of Judge Gross. In April, 1988, Judge Gross entered an “Order Retaining Jurisdiction Over Defendant for Review of Future Parole Commission Release Orders Pursuant to Florida Statute 947.16.” The order recited that the cause had been heard on August 23, 1983, upon conviction of defendant after jury trial. The order made a finding that “it is in the best interest of *1326 the public to retain jurisdiction in this case for review of future Parole Commission release orders.... ” The order set forth reasons for retention of jurisdiction, and directed that jurisdiction be retained for review of any release orders for one-third of defendant’s sentence.
By its terms, the 1988 written order memorialized the 1983 proceedings where retention of jurisdiction had been ordered. Although the entry of the written order was evidently prompted by Thomas’ filing of the Rule 3.850 motion, the 1988 order did not mention, or contain any ruling on, the 3.850motion. Thomas was not present when the trial court entered the 1988 order. The order does not indicate that it was served on Thomas, or for that matter, anyone else.
In 1990 Thomas filed a motion requesting a ruling on his Rule 3.850 motion. Thomas pointed out that his 1988 3.850 motion was still pending and had never been ruled on. A successor judge held a hearing and denied 3.850 relief for want of jurisdiction. The court reasoned that the 1988 3.850 motion had complained, among other things, that the sentencing judge had not entered a written order retaining jurisdiction. In 1988 Judge Gross had entered a written order retaining jurisdiction. In the successor judge’s view the written order retaining jurisdiction constituted a ruling granting, in part, Thomas’ 3.850 motion. The successor judge therefore ruled that “This Court is without jurisdiction to consider the defendant’s present [3.850] motion, having ruled and acted on the same motion on April 25,1988.”[3] The order also indicated that the issue of retention of jurisdiction could have been raised on direct appeal, so that summary denial would also have been appropriate had Judge Gross not elected to enter the 1988 written order retaining jurisdiction.[4]
Although the trial court based its denial of 3.850 relief on lack of jurisdiction, this court may affirm the trial court’s ruling for any reason appearing in the record. Although we conclude that the trial court had jurisdiction, we affirm the order denying 3.850relief. The record clearly reveals that Thomas was not entitled to relief under his motion.
First, we conclude that the trial court had jurisdiction to consider the 3.850 motion. No written order had ever been entered disposing of that motion. Judge Gross’ order retaining jurisdiction did not purport to do so, but only purported to memorialize the events at the 1983 sentencing hearing. The purpose of the 3.850 motion was not to compel entry of a written order retaining jurisdiction. Instead, the 3.850motion argued that no sufficient reasons for retention of jurisdiction had been given by the court, in writing or otherwise.
Second, we conclude that the 3.850 motion was not procedurally barred for failure to raise the issue on direct appeal. It is true, as the trial court said, that the absence of mandatory findings supporting retention of jurisdiction is a matter which can be raised on direct appeal without there having been a contemporaneous objection in the trial court. State v. Snow, 462 So.2d 455, 457 (Fla.1985); Marshall v. Dugger, 526 So.2d 143, 146 (Fla. 3d DCA 1988). See generally Mobley v. State, 409 So.2d 1031, 1038 (Fla.1982); Marshall v. State, 448 So.2d 603 (Fla. 3d DCA 1984).
However, this court has also held that the absence of such findings is a matter which can be raised by motion for post-conviction relief. See Williams v. State, 473 So.2d 11 (Fla. 3d DCA 1985); Williams v. State, 435 So.2d 882 (Fla. 3d DCA 1983). That being so, defendant was not barred from raising the point in his Rule 3.850 motion.
Third, turning to the merits of de- ■ fendant’s claim, see Marshall v. Dugger, *1327 526 So.2d at 146, we find no deficiency with respect to the sentencing court’s retention of jurisdiction. To begin with, the sentencing court is required to make findings but is not required to enter a separate written order. Paragraph 947.16(3)(a), Florida Statutes (Supp.1982), states, “In retaining jurisdiction ... the trial court judge shall state the justification with individual particularity, and such justification shall be made a part of the court record.” The uniform judgment and sentencing form, Fla. R.Crim.P. 3.986 (1983), used by the sentencing judge and approved by the Florida Supreme Court, states “The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _The requisite findings by the Court are set forth in a separate order or stated on the record in open court.” (Emphasis added).
As the statute and the approved form indicate, the requirement is for the entry of findings, which can be stated on the record. A separate order is permissible but not required. In Mobley v. State, 409 So.2d 1031 (Fla.1982), the sentencing court had retained jurisdiction without making the necessary findings. Id. at 1038. The Florida Supreme Court remanded for the sentencing court to “make such findings part of the record as required by section 947.-16(3)(a) [1979].” Id. (emphasis added) (citing Hicks v. State, 388 So.2d 357, 358 (Fla. 2d DCA 1980) (where no justification for retention of jurisdiction was given by the sentencing court, the case was remanded “with instructions either to relinquish jurisdiction over the appellant or to include in the record the justification for the retention of jurisdiction.”), review denied, 397 So.2d 778 (Fla.1981)); Tompkins v. State, 386 So.2d 597, 600 (Fla. 5th DCA) (“We hold that remand to the trial court to make the record findings required by statute is the appropriate remedy ... where the trial court fails to make required findings.”) (citations omitted), review denied, 392 So.2d 1380 (Fla.1980).
The defendant contends that this court announced a contrary rule in Diaz v. State, 563 So.2d 199 (Fla. 3d DCA 1990). We disagree. In Diaz, unlike the present case, the sentencing court had not made the necessary findings. Id. at 200. The State conceded the point, which would ordinarily call for a remand. Id. (citing Marshall v. State, 448 So.2d at 603); see also Marshall v. Dugger, 526 So.2d at 145-46. On the unique facts of Diaz, however, this court concluded that a remand would be a useless act. That was so primarily because defendant had been sentenced to life in prison with a mandatory minimum sentence of 25 years, which made the retention of jurisdiction redundant. On the unique facts there presented, this court in the exercise of discretion “deem[ed] it inappropriate to remand for further proceedings.” 563 So.2d at 200 (citations omitted).[5]
In sum, under the settled interpretation of section 947.16 the sentencing court was only required to make findings on the record and was not required to enter a written order. The sentencing court followed the correct procedure by stating its reasons on the record at the time of sentencing. There is no requirement to enter, in addition, a written order stating the reasons for retention of jurisdiction.
Considering next the substance of the sentencing court’s stated reasons, we find that the reasons were entirely sufficient. See Moore v. State, 392 So.2d 277, 278 (Fla. 5th DCA 1980). There was no infirmity in the sentencing court’s original retention of jurisdiction. Accordingly, Thomas was not *1328 entitled to post-conviction relief.[6]
For the reasons stated, we find that the trial court had jurisdiction to entertain Thomas’ Rule 3.850 motion, that there had been no previous ruling thereon, and that the motion was not procedurally barred. On the merits, however, Thomas was not entitled to post-conviction relief. The trial court reached the correct result by denying the Rule 3.850 motion.
Affirmed.
HUBBART, J., concurs.

. The defendant’s offense was committed in November, 1982.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. April 25, 1988 was the date of filing of Judge Gross’ written order retaining jurisdiction.

. Thus, although the successor judge stated he was denying the motion because he did not have jurisdiction, the record is clear he also would have denied the motion had he reached the merits.

. The Diaz court also commented about the pending prospective repeal of section 947.16. 563 So.2d at 200. The prospective repeal has since been delayed, ch. 90-337, § 16, Laws of Fla., with a new prospective repeal date set for 1993. No actual repeal has taken place. See § 947.16, Fla.Stat. (1991). Should section 947.16 actually be repealed, it would not necessarily eliminate any retention of jurisdiction already imposed. See art. X, § 9, Fla. Const.

. In view of the foregoing, the 1988 written order was unnecessary. The order to a great extent merely embodies the sentencing judge's oral reasons for retention of jurisdiction and to that extent, does no harm. In an abundance of caution we strike those portions of the order which do not conform to the justifications articulated by the trial court at the sentencing hearing, namely, subparagraphs 4(a) and (c).