BROWNING, J.
Appellant seeks review of his conviction and sentence for armed robbery with a firearm, alleging that the trial court improperly conducted both a Nelson inquiry[1] and a Faretta[2] inquiry, and improperly restrained Appellant during final argument. We affirm as to the Nelson inquiry, and Appellant’s restraint. See Kenney v. State, 611 So.2d 575 (Fla. 1st DCA 1992); Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992). However, because the trial court discharged Appellant’s attorney, relegating Appellant to pro se status without a proper waiver, we reverse and remand for a new trial.
At trial, Appellant repeatedly asked to discharge his counsel, stating that his family could hire counsel, and emphatically stating that he did not want to represent himself. The trial court would not allow a continuance for Appellant to secure coun *1218 sel, but discharged his trial counsel without determining whether Appellant wished to proceed pro se or continue with his present counsel when faced with his inability to secure other counsel. This was error as, while a defendant has a right to pro se status, a proper waiver must be first secured from a defendant before a trial court can render to a defendant pro se status. See Fla. R.Crim. P. 3.111(d); Wilson v. State, 724 So.2d 144 (Fla. 1st DCA 1998); Smith v. State, 444 So.2d 542, 545 (Fla. 1st DCA 1984), overruled on other grounds by Hughes v. State, 701 So.2d 378 (Fla. 1st DCA 1997). Here the trial court did not secure Appellant’s waiver of his right to counsel and thereby erred, which necessitates Appellant’s retrial. Accordingly, we REVERSE and REMAND.
BARFIELD and WEBSTER, JJ., concur.

. See Hardwick v. State, 521 So.2d 1071 (Fla. 1988) (approving Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973)).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).