PER CURIAM.
The State of Florida seeks certiorari review of interlocutory orders entered in a criminal case which exclude evidence. *1130 James W. Mosley has been charged with first degree murder, and the case is pending in Osceola County on retrial. The state alleges that on August 29, 1998, Mosley murdered his roommate, Robert Chandler. At Mosley’s first trial the state introduced evidence that Mosley took Chandler’s truck after the homicide and drove to Wakulla County, where he battered and kidnapped his ex-wife. Mosley took the stand in his own defense. Although Mosley was found guilty of first degree murder, this court reversed the judgment on appeal and remanded for a new trial because the trial court failed to conduct an adequate inquiry into Mosley’s complaints about his attorney. See Mosley v. State, 720 So.2d 606 (Fla. 5th DCA 1998). Mosley obtained new counsel who filed a motion in limine to exclude at retrial any reference to the collateral crimes which occurred in Wakulla County, and a motion to suppress Mosley’s former testimony. The trial court granted the pretrial motions, finding that the probative value of such evidence would be outweighed by prejudice.
The state is attempting to prove that Mosley committed the murder so that he could take his roommate’s truck to travel to Wakulla County. According to the state’s theory, Mosley was desperate to see his ex-wife and family and had no other way to get there. Chandler would not loan him his truck, so Mosley murdered him. After the murder, Mosley drove directly to Wakulla County in Chandler’s truck and committed the crimes against his ex-wife. The state argues that the evidence of the offenses committed in Wakulla County is directly relevant to the motive for the murder of the victim in Osceola County.
At the first trial, the state presented evidence that Mosley at the time of the homicide was depressed about his divorce. As his wedding anniversary approached he was contemplating suicide. Mosley told his brother a day before the homicide that he was going to Wakulla County to visit his ex-wife and their three children. Witnesses testified that Chandler would not let anyone borrow his new truck, and refused to let Mosley have it when he asked to take it to visit his family. Mosley was in the apartment he shared with Chandler on August 29, 1993 between 3:00 and 5:00 in the afternoon, but by 9:30 or 10:00 that evening, he was in Wakulla County, a five hour trip away.
Mosley at the first trial testified that he and Chandler were arguing, and Chandler slapped him on the side of his head with his open hand. Mosley further testified that Chandler came at him with a knife, so he grabbed a baseball bat and hit Chandler in the head. According to Mosley, although Chandler was dazed, Chandler grabbed him, so he stabbed Chandler in the chest. Mosley thereafter placed the body in the bathroom. He then drove directly to Wakulla County in the victim’s truck.
Upon arrival in Wakulla County, Mosley kidnapped his ex-wife. Armed with a sawed-off shotgun, Mosley entered his ex-wife’s bedroom and ordered her to leave with him. After struggling with him for the gun, Mosley beat her on the head in front of her children. Mosley threatened to kill her, and ordered her into her car.
Mosley retrieved several items from the truck, and drove to a secluded area and parked. After his ex-wife washed off some of the blood, he drove to another location where they stayed most of the night. Mosley revealed that he thought he had just killed Chandler.
Finally, Mosley drove back to his ex-wife’s house, and surrendered to law enforcement officers there. While incarcerated in Wakulla County, he told his brother and a deputy sheriff that he had “hurt” or killed his friend.
Section 90.404(2)(a), Florida Statutes (1999) reads as follows:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, *1131 such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
While evidence of motive is not necessary to a conviction, when it is available and would help the jury understand the other evidence presented, it should not be kept from them merely because it reveals the commission of crimes not charged. The test for admissibility is not the necessity of evidence, but rather its relevancy. See Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, Craig v. Florida, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).
The subsequent offenses in Wa-kulla County were relevant not only to show a possible motive for the murder, i.e., a way for Mosley to obtain the victim’s truck, but also were relevant to complete the story and provide the entire context of interrelated events. Cf. Henry v. State, 649 So.2d 1366 (Fla.1994), cert. denied, Henry v. Florida, 515 U.S. 1148, 115 S.Ct. 2591, 132 L.Ed.2d 839 (1995). Evidence that Mosley was emotionally distraught at the time of the homicide, and immediately after the killing used the victim’s truck to drive to his ex-wife’s house, whereupon he attacked and kidnapped her, also helps to prove the absence of an accident and helps to explain Mosley’s state of mind at the time of the homicide. Cf. Duffey v. State, 741 So.2d 1192 (Fla. 4th DCA 1999). It also explains to the jury why Mosley was incarcerated in Wakulla County, where he referred to the homicide when talking to others. Mosley’s ex-wife also testified at trial that Mosley threatened to kill himself, and told her he thought he had killed Chandler. For the ex-wife to testify as to these statements, including the admission by Mosley, the jury would be confused if not shown why Mosley was talking to his ex-wife so soon after the homicide had taken place. Evidence concerning Mosley’s flight in the victim’s truck, his appearance at his ex-wife’s home, and subsequent events in Wakulla County provides the complete sequence of the factual scenario, the continuing narrative or plan of which the homicide was a part. Although the evidence of the collateral crimes should not become a feature of the retrial and may be limited as necessary, the trial court departed from the essential requirements of law in excluding the collateral crime evidence in its entirety. Such ruling will unduly harm the state in presenting relevant evidence at retrial.
Although the trial court also excluded Mosley’s former testimony, this evidence would be admissible under the hearsay exception contained in section 90.803(22), Florida Statutes (1999), which reads as follows:
Former testimony given by the declar-ant which testimony was given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination; provided, however the court finds that the testimony is not inadmissible pursuant to section 90.402 or section 90.403.
Mosley’s former testimony would definitely be relevant, as he was the only surviving eyewitness to the homicide. His former testimony would not be cumulative, would not mislead a jury, or confuse the issues. It is also not apparent how there could be unfair prejudice as Mosley voluntarily took the stand in his own defense at the first trial to explain his version of the events surrounding the homicide. We find that the trial court likewise departed from the essential requirements of law in excluding the former testimony. We therefore grant *1132 the petition, and quash the pretrial orders on these evidentiary issues.
PETITION GRANTED; ORDERS QUASHED.
COBB, GRIFFIN and SAWAYA, JJ., concur.