PER CURIAM.
Appellant challenges his manslaughter conviction raising three issues. First, he claims the trial court erred in refusing to grant a judgment of acquittal because the state failed to present sufficient evidence to rebut his claim of self-defense. Having read the entire record and noted both the evidence of self-defense and the state’s impeachment and cross-examination, we find no error. A court should not grant a motion for judgment of acquittal unless there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law. Taylor v. State, 583 So.2d 323 (Fla.1991). As to appellant’s claim that the court erred in admitting statements which he alleged were made by him while in an intoxicated mania, based on a review of the evidence and Burns v. State, 584 So.2d 1073 (Fla. 4th DCA 1991), we conclude that the trial court did not err in determining the issue of voluntariness.
Finally, as to appellant’s contention that the trial court erred in failing to grant a mistrial after the prosecutor injected new facts into his closing argument, we affirm. The prosecutor was commenting on the evidence presented and suggesting a different conclusion as to its import. In overruling the appellant’s objection the trial court instructed the jury that each side was merely arguing its position based on the evidence, but the jury was the final arbiter of the facts. The prosecutor’s argument did not constitute reversible error. See State v. Murray, 443 So.2d 955 (Fla.1984).
Affirmed.
WARNER, KLEIN and PARIENTE, JJ., concur.