ON REMAND FROM THE SUPREME COURT

PER CURIAM.
We affirm appellant’s conviction and sentence, finding that the trial court did not err in failing to conduct a proper Nelson[1] inquiry because appellant neither made an unequivocal request to discharge the court appointed counsel, nor stated that ineompetency was the basis for his unhappiness with counsel. See Woody v. State, 698 So.2d 391, 391 (Fla. 4th DCA 1997). Moreover, appellant proceeded to trial with his counsel and made no attempt to dismiss him or request self-representation. See Davis v. State, 703 So.2d 1055, 1058-59 (Fla.1997), cert. denied, 524 U.S. 930, 118 S.Ct. 2327, 141 L.Ed.2d 701 (1998). Finally, his claim that the trial court erred in failing to advise him of his right of self-representation after it had found that his appointed counsel was ren *1221 dering effective representation is without merit, as the supreme court has found no such obligation on the part of the trial court. See Watts v. State, 593 So.2d 198, 203 (Fla.1992).
With respect to his sentence, we affirm appellant’s due process challenge to section 921.001(5), Florida Statutes (1997). See Gardner v. State, 661 So.2d 1274, 1276 (Fla. 5th DCA 1995). Secondly, we affirm the length of his sentence based on Mays v. State, 717 So.2d 515 (Fla.1998). Although the written judgment of sentence does not conform to the oral pronouncement, no motion to correct the sentence was filed. See Fla. R.Crim. P. 3.800(b). The issue is thus not preserved for appeal.
We reverse the sentence to include the award of six months credit for jail time orally pronounced by the trial court but not reflected in the written judgment of sentence. See Greenwood v. State, 764 So.2d 573 (Fla.2000); Gillen v. State, 696 So.2d 952 (Fla. 4th DCA 1997).
WARNER, C.J., DELL and KLEIN, JJ., concur.

. Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved by Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988).