PER CURIAM.
Ronnie Tramontano, Jr. appeals his convictions for first degree murder and kidnapping with intent to commit a felony. We affirm.
The evidence of other crimes was admissible as being either inextricably linked to the murder and kidnapping or probative of appellant’s motive. See Pomeranz v. State, 703 So.2d 465, 470 (Fla.1997); Griffin v. State, 639 So.2d 966, 969-70 (Fla. 1994); § 90.404(2)(a), Fla.Stat. (2000). The statements of co-conspirator James Reno Alexander were properly admitted against appellant since the state presented sufficient independent evidence of a conspiracy. See Foster v. State, 679 So.2d 747, 752-53 (Fla.1996); Alexander v. State, 778 So.2d 1017 (Fla. 4th DCA 2000); Christie v. State, 652 So.2d 932, 933 (Fla. 4th DCA 1995).
There was no error in the denial of appellant’s request to discharge his court appointed counsel. Attorney Barbara Brush was specially appointed as a public defender to handle appellant’s case. About nine months before trial, appellant told the court “[T]here’s no problem with Mrs. Brush’s actual ability as an attorney. I just feel her caseload is such that she cannot put in the proper amount of time that I’m going to need in a case such as this, Your Honor.” The court asked of defense counsel:
And I appoint attorneys very carefully and I would expect you to be candid with the Court. Do you feel that your caseload is such that you cannot do your usual fíne job of representation of the defendant I appointed you[?]
Defense counsel: Not at all, Judge.
Court: At this particular point, Mr. Tra-montano, I have tremendous confidence in Ms. Brush’s abilities, abilities to handle the responsibilities of cases I assign her, otherwise, I wouldn’t give it to her. You have perhaps the most serious charge and I didn’t give you a lightweight. I gave you a very good, experienced attorney [who] will fight for you. And I am thoroughly convinced that Ms. Brush would be candid with the Court if she felt she was over her head either in ability or time and I don’t get that impression. At this particular point, I read your letter and I’m going to continue Ms. Brush on your cases.
Appellant: Very good, Your Honor.
Appellant made no other complaints about his attorney prior to or during the trial.
Appellant complains that the court failed to make “a sufficient inquiry of [appellant] and his appointed counsel to accurately determine whether there was reasonable cause to believe that the court-appointed counsel was or was not rendering effective assistance to Ronnie Tramontano.”
In Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved by Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), the court stated that when a defendant indicates a desire to discharge court appointed counsel, the trial court
should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, *451 or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant.
The Nelson court explained that “[i]f no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.” Id. at 259 (citation omitted).
Here, a full Nelson inquiry was not required because incompeteney of counsel was not given as the reason for appellant’s desire to discharge counsel. See Greenwood v. State, 766 So.2d 1220, 1220 (Fla. 4th DCA 2000) (finding trial court did not err in failing to conduct a proper Nelson inquiry “because appellant neither made an unequivocal request to discharge the court appointed counsel, nor stated that incompetency was the basis for his unhappiness with counsel”). Based on appellant’s general complaint, the court’s inquiry was adequate. The trial court’s inquiry need only be as specific as a defendant’s complaint. See Howell v. State, 707 So.2d 674, 680 (Fla.1998). Without a more specific complaint from appellant nine months before trial, there was nothing improper in the trial court’s reliance on an experienced attorney’s evaluation of the impact of her caseload on her ability to represent her client.
Finally, we find no error in the denial of the motions for judgment of acquittal and for new trial. See State v. Law, 559 So.2d 187, 188 (Fla.1989); Harding v. State, 643 So.2d 100, 100 (Fla. 4th DCA 1994).
AFFIRMED.
DELL, STEVENSON and GROSS, JJ., concur.