DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONNIE TRAMONTANO, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4081

[May 27, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 97-0018341CF10A.

Clayton R. Kaeiser, Miami, for appellant.

No appearance required for appellee.

WARNER, J.

Appellant challenges the trial court's denial of his motion for postconviction relief from his conviction for first degree murder in 1998. *See Tramontano v. State*, 778 So. 2d 449 (Fla. 4th DCA 2001), *rev. denied*, *Tramontano v. State*, 800 So. 2d 617 (Fla. 2001). He raises two claims, the first of which is untimely. The second alleges newly discovered evidence. We affirm and briefly address the merits of that second claim.

Appellant was convicted of a September 1996 murder based upon the testimony of a co-conspirator, as well as the testimony and evidence of various other individuals. Suffice it to say, the evidence was overwhelming that appellant committed the murder. In 2014, his co-conspirator filed an affidavit stating that, "A couple of days prior to Christmas, 1996, I was hypnotized by a friend of my father for the purpose of refreshing my memory of the crime and easing my anxieties." Despite this, he also attested that all the statements he made to authorities were true and accurate. According to appellant, the co-conspirator gave his first statement to police after Christmas 1996 and then led them to the body, which had been encased in cement and thrown into a canal. Appellant

claims that neither he, nor the state, knew that the co-conspirator's memory had been refreshed through hypnotism.

Generally, testimony subsequent to hypnosis designed to prompt recall of memory is inadmissible in Florida. *See Stokes v. State*, 548 So. 2d 188, 195-96 (Fla. 1989). Appellant claims that had he known that his co-conspirator had been hypnotized, he would have sought to exclude the co-conspirator's testimony, and the result of the trial would have been different. He contends that all of the other evidence obtained as a result of hypnotically induced statements, such as the body, which was discovered with the aid of the co-conspirator, would also have been excluded as the evidence was "illegally" obtained. We agree that, if the co-conspirator had his memory hypnotically refreshed and this fact was known by the court, his post-hypnotic testimony would have been inadmissible. We do not agree, however, that all of the evidence which the investigators obtained as a result of speaking to the co-conspirator would also have been excluded. The act of hypnotizing a person to refresh his or her recollection may render such recollections unreliable and thus not admissible in court, but hypnotically induced statements violate no law or constitutional provision. Even the United States Supreme Court has noted that hypnosis may be a valid investigative tool, even though a state may be justified in an evidentiary rule which limits unreliable testimony. *Rock v. Arkansas*, 483 U.S. 44, 61 (1987) ("The State would be well within its powers if it established guidelines to aid trial courts in the evaluation of posthypnosis testimony and it may be able to show that testimony in a particular case is so unreliable that exclusion is justified."). Therefore, other reliable evidence, such as the body itself, obtained as a result of hypnotically refreshed recollections would not have been illegally obtained or inadmissible.

In addition, appellant has not shown that without the co-conspirator's testimony the result would have been different. Although the co-conspirator's testimony was significant and important, there was sufficient other independent evidence corroborating the co-conspirator's testimony that would have resulted in appellant's conviction. Thus, prejudice has not been proven under *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

*Affirmed.*

GERBER and FORST, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

2