274 So.2d 256 (1973)
William Arthur NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 71-1008.
District Court of Appeal of Florida, Fourth District.
February 28, 1973.
Rehearing Denied March 29, 1973.
*257 Walter N. Colbath, Jr., Public Defender, and Carl V.M. Coffin, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Chief Judge.
This is an appeal from an order of the Criminal Court of Record for Orange County, Florida, denying without an evidentiary hearing a motion to vacate a *258 judgment and sentence filed by the defendant pursuant to Rule 3.850 CrPR, 33 F.S.A.
The appellant had been charged with the robbery of one Robert Fleming on 5 February 1970. Appellant pled not guilty. He was convicted by a jury and sentenced to 25 years in prison. On 6 April 1971 the appellant filed the motion to vacate. The motion alleged that although the appellant, an indigent, had court appointed counsel at the time of arraignment, he only saw counsel on one occasion. The motion avers that the appointed counsel was a personal friend of the robbery victim. Appointed counsel allegedly suggested that the appellant plead guilty. The motion further states that after appellant refused to plead guilty, appellant asked the trial judge prior to the commencement of trial to dismiss appointed counsel. The trial judge complied with the request to dismiss appointed counsel, but refused appellant's request to appoint a successor. As a consequence, the defendant was required to stand trial without the assistance of counsel.
The trial court's order on the motion to vacate indicates that the court in passing on the motion referred to certain notes of the court reporter which were made at the time the appellant moved the court to discharge his court appointed attorney. Apparently from these notes, which are not in the record before us, the trial judge made the following findings:
"1) That Defendant was not tried against his will without representation on November 10, 1970.
2) That Defendant was not sentenced against his will without representation on February 10, 1971.
3) That on the occasion of Defendant's trial on November 10, 1970 after being advised by the Trial Judge that he would have to proceed to trial without counsel if he persisted in his demand that court appointed counsel withdraw, Defendant did so persist and the trial proceeded.
4) That on the occasion of Defendant's being sentenced on February 10, 1971 his formerly court appointed counsel was present with the Defendant and did participate as counsel of record for Defendant in the sentencing procedure."
On these findings the trial judge denied the motion.
This appeal raises what seems to be a recurring issue  the procedure which the trial court should follow for the purpose of protecting an indigent's Sixth Amendment right to counsel in a criminal prosecution where before the commencement of the trial the Defendant moves to discharge appointed counsel. See Love v. State, 270 So.2d 408, 4 DCA, opinion filed December 12, 1972.
The right of an indigent to appointed counsel includes the right to effective representation by such counsel. Anders v. State, 1967, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493; Chalk v. Beto, 5 Cir.1970, 429 F.2d 225. Although we are not able to formulate any verbal criteria that will define for all situations conduct which measures up to "effective assistance", it may be said with reasonable assurance that the delivery of effective assistance requires the attorney involved to make a reasonable investigation into the facts of the case and to acquaint himself with the law pertinent to the facts. In addition, effective counsel should be free of any influence or prejudice which might substantially impair his ability to render independent legal advice to his indigent client.
It follows from the foregoing that where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of *259 counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute. See Wilder v. State, Fla.App. 1963, 156 So.2d 395, 397. If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel. See Cappetta v. State, Fla.App. 1967, 204 So.2d 913 for principles that should guide the court in the exercise of such discretion.
If the foregoing procedure is followed, the indigent's right to counsel will be protected and a sufficient record will be made to permit a prompt and accurate disposition of post conviction attacks on the judgment. In the present case, it appears from the record before us that the defendant's right to counsel was not adequately protected at the time he moved to discharge court appointed counsel. For that reason we are of the opinion that the motion to vacate should be granted. Accordingly, the order on the motion to vacate is quashed and the cause is remanded to the trial court with instructions to grant the motion to vacate and provide the defendant with a new trial as well as representation by court appointed counsel.
CROSS and OWEN, JJ., concur.