PER CURIAM.
We reverse appellant’s conviction and remand for a new trial because the trial court allowed defendant to represent himself at trial, but did not conduct either a Nelson[1] *359 hearing or a Faretta[2] hearing prior to allowing the trial to proceed as it did. If defendant had been represented by his court-appointed counsel throughout the trial, we might well have been able to find that the defendant’s ambiguous statements did not require a Faretta hearing; however, the court’s permitting him to represent himself without a Faretta hearing leaves us no alternative but to reverse.
DELL, KLEIN and PARIENTE, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), in which this court established the procedure for determining if a defendant is entitled to discharge his court-appointed counsel for ineffec *359 tive assistance, approved in Hardwick v. State, 521 So.2d 1071 (Fla.1988).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), holding that a defendant has the constitutional right to represent himself after the court makes a sufficient inquiry and is satisfied with defendant’s responses. See Fla. R.Crim. P. 3.111(d).