HARRIS, Judge.
Clifton Denson was convicted of possession and delivery of a controlled substance. At sentencing, he complained that his attorney had been ineffective during his trial. The trial judge observed:
I don’t know what you expect your lawyer to do. He is not a magician. The officer testified that you walked up to his car, and you sold cocaine directly to an undercover police officer. I mean, the officer testified that not only did you sell the cocaine to him, but following the sale, that you were arrested at the scene. He came back and reconfirmed that you were the person that sold him the cocaine. I don’t know what you expect your attorney to do with those facts.
The trial court, after making this statement, permitted defense counsel to continue to represent Denson through the sentencing hearing. Denson appeals claiming that the court erred in not conducting a Nelson hearing. We affirm the trial court.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the court announced the rule that “if a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel ... [and if] ... incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court-appointed counsel is not rendering effective assistance to the defendant.” It is the purpose of the Nelson inquiry to determine if the appointed counsel is performing adequately and if not, to replace such counsel. The Nelson inquiry has no role in past ineffectiveness of counsel.
Denson contends correctly that he is entitled to be represented by competent counsel at all critical stages of his trial. He is further correct in that sentencing is such a stage. But he did not complain to the court that his counsel was not doing something that he should or that he was doing anything that he should not in relation to the sentencing. Even on appeal, Denson does not contend that his counsel was ineffective at sentencing. Denson simply did not either timely or properly make an objection about his attorney that would warrant a Nelson inquiry.
Further, even if his complaint had been timely, it was still inadequate to require a Nelson inquiry. Denson’s only response to the judge’s implied question: “What do you contend that your attorney did or did not do that was ineffective?” was that he had only seen his lawyer twice before trial and that he was brought to trial “with an orange suit on with a big jacket.” The court obviously found in retrospect, proper because of the timing of the objection, that counsel’s preparation was adequate under the circumstances and that the defendant’s attire did not constitute ineffective representation. In short, the court could, and obviously did, find that the complaint did not present “reasonable cause” for a belief that counsel was acting in an ineffective manner.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.