ON MOTION FOR REHEARING
PER CURIAM.
We grant the state’s motion for rehearing, withdraw our previous opinion, and replace it with the following.
James W. Mosley appeals his conviction for first degree murder.[1] He alleges that, in response to his pre-trial motion to have his court appointed counsel dismissed and new counsel appointed, the lower court failed to conduct a meaningful Nelson inquiry.
Our supreme court reiterated the procedure set forth in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), that a court should follow after a defendant asserts that the right to counsel is impaired because court appointed counsel is alleged to be incompetent:
[Wjhere a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent’s right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
*608 Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.) cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988).
Appellate courts apply the standard of review of abuse of discretion in determining whether a trial court conducted an appropriate Nelson inquiry. Kearse v. State, 605 So.2d 534 (Fla. 1st DCA 1992), review denied, 613 So.2d 5 (Fla.1993). A lower court abuses its discretion when it fails to provide the defendant with an opportunity to explain why he or she objects to court appointed counsel or fails to conduct an adequate inquiry regarding defendant’s desire to discharge defense counsel. See Scull v. State, 533 So.2d 1137 (Fla.1988), cert. denied, 490 U.S. 1037, 109 S.Ct. 1937, 104 L.Ed.2d 408 (1989); Rios v. State, 696 So.2d 469 (Fla. 2d DCA 1997); Burgos v. State, 667 So.2d 1030 (Fla. 2d DCA 1996); Marshall v. State, 665 So.2d 307 (Fla. 2d DCA 1995); Kearse, supra, at 537; Williams v. State, 532 So.2d 1341 (Fla. 4th DCA 1988); Chiles v. State, 454 So.2d 726 (Fla. 5th DCA 1984); Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982).
Here, the record supports Mosley’s contention that the lower court failed to conduct a meaningful Nelson inquiry after Mosley requested that his attorney be discharged or allowed to withdraw. Mosley clearly and unequivocally requested the lower court to discharge his court appointed attorney because that attorney was not rendering effective assistance. Despite this request, the lower court not only failed to conduct any inquiry to determine whether there was a reasonable basis for appellant’s claim, but it summarily refused to even consider Mosley’s pro se motion. In so refusing, we find the lower court abused its discretion. Further, we cannot say beyond a reasonable doubt that the failure of the trial court to conduct an appropriate Nelson inquiry was harmless because Mosley continued to express dissatisfaction with his court appointed counsel. Cf. Scull at 1141 (trial judge’s inadequate Nelson inquiry into defendant’s reasons for requesting removal of his attorney was mooted when defendant expressed satisfaction with his attorney as trial progressed); Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988) (trial court’s failure to conduct an extensive Nelson inquiry regarding the merits of defendant’s motion to discharge was at most harmless only, as defendant accepted court-appointed counsel after the denial of his motion without any allegation of additional conflict or dissatisfaction).
We reverse the conviction, and remand for a new trial.[2]
REVERSED; REMANDED.
GOSHORN, HARRIS and PETERSON, JJ., concur.

. §§ 782.04 and 775.087, Fla. Stat. (1993).

. Having found that the lower court abused its discretion in failing to conduct a proper Nelson inquiry, Mosley’s remaining issue on appeal is moot.