PER CURIAM.
James Hodges (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the offenses of .burglary of a dwelling and grand theft ,[1] He contends that he is entitled to receive a new trial because the trial court failed to conduct an adequate Nelson[2] inquiry. We agree and therefore reverse.
This court recently explained:
Under Nelson, once a defendant requests the trial court to discharge his court-appointed attorney because the attorney’s representation is allegedly ineffective, the trial court is required to make an independent inquiry into whether there is reasonable cause to believe that the attorney is not providing effective assistance to the defendant. Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). If the court determines that there is a reasonable basis to conclude that the representation being provided by court-appointed counsel is ineffective, the trial court should make specific findings supporting that conclusion and appoint substitute counsel. Id. However, if there is no reasonable basis to believe that the attorney’s representation is ineffective, the trial court must deny the request stating the reasons for the ruling on the record. Id.
Gaines v. State, 706 So.2d 47, 49 (Fla. 5th DCA 1998). See also Watts v. State, 593 So.2d 198, 203 (Fla.), cert. denied, 505 U.S. 1210, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992). The purpose of a Nelson inquiry is to determine “if the appointed counsel is performing adequately and if not, to replace such counsel.” Denson v. State, 689 So.2d 1274, 1275 (Fla. 5th DCA 1997).
Here, prior to trial, the defendant requested that the trial court discharge his court-appointed attorney, claiming that counsel was not operating in the defendant’s “best interests” and that defense counsel had failed *1009 to contact witnesses. The trial court summarily denied the defendant’s request, stating in a conclusory fashion, “You’ve got an attorney that’s competent.” The court did not conduct any inquiry of defense counsel regarding the defendant’s claims before entering its ruling. This procedure was improper and in derogation of the law under Nelson. 274 So.2d at 258.
Accordingly, we are constrained to reverse the defendant’s judgments and sentences and remand this matter for a new trial.
REVERSED and REMANDED.
GRIFFIN, C.J., THOMPSON, and ANTOON, JJ., concur.

. §§ 810.02, 812.014, Fla.Stat. (1995).

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).