W. SHARP, J.
Nweze appeals from an order of the trial court which denied his motion to set aside his pleas of nolo contendere after he was convicted and sentenced in three cases. In case no. 97-15152, Nweze. was charged with delivery of cocaine,[1] and possession of *120 cocaine.[2] In case no. 97-11063 he was charged with possession of cocaine,[3] battery upon a law enforcement officer,[4] one count of resisting arrest with violence,[5] and one count of resisting arrest without violence.[6] In case no.97-13460, he was charged with delivery of cocaine,[7] and possession of cocaine with a deadly weapon,[8] resisting an officer with violence,[9] and aggravated assault with a deadly weapon.[10]
The record in this case shows that on March 18, 1999, a plea and sentencing hearing was held. Nweze pled nolo con-tendere to five of the ten counts charged against him in the cases cited above, with the understanding he would receive a guidelines sentence. His sentencing score was 110.7 points, which placed him in a sentencing range of 62 to 103 months in prison. At the plea hearing, the court accepted his pleas.
Initially, Nweze said he was satisfied with his lawyer, but then asked for a “paid lawyer,” or a different court appointed lawyer. The judge said he was “a tad” late in making the request, since a year and a half had passed since the cases had commenced and trial was set to begin that day. Nweze’s major complaint with his appointed attorney was that a different attorney might be able to work out a better plea deal.
Defense counsel advised the court that depositions had been taken in the cases and he was ready to go to trial. Nweze responded his lawyer was not ready because his defense counsel had advised him he faced up to 21 years in prison, if he went to trial. Nweze was primarily unhappy that his attorney could not cut a better plea bargain deal, one below the guidelines range. The court responded that would not happen because Nweze’s record was “outrageous,” and she was not going to depart downwards. Based on Nweze’s pleas to five of the crimes pursuant to the plea agreement, the court sentenced him to a sentence at the mid-point of the sentencing guidelines range.
Nweze argues the trial court should have granted his motion to set aside his pleas, because he made allegations of ineffective assistance by court appointed counsel at the plea and sentencing proceedings and the trial court failed to make an independent inquiry as to whether there was reasonable cause to believe the appointed defense attorney was providing effective assistance. State v. Craft, 685 So.2d 1292, 1295 (Fla.1996); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
In this case, the trial court questioned Nweze about his allegations and opined that “Johnny Cochrane would have had trouble with this case.” She also advised Nweze that she thought it was a “slam dunk” case for the state, that anyone could prove the charges if the police officers showed up. Defense counsel also made a brief statement as to his readiness for trial, but this was not disputed by Nweze. The court also concluded Nweze had an experienced lawyer.
It appears Nweze’s complaint was not with the preparation for trial done by his attorney, but with the length of the guidelines sentences. He hoped that different counsel could have obtained a better plea offer. Dissatisfaction with the length of sentences faced does not implicate a defendant’s right to receive effective representation, and Nweze was not entitled to new court-appointed counsel on those grounds. See Comer v. State, 730 So.2d 769 (Fla. 1st *121 DCA 1999); Cunningham v. State, 677 So.2d 929, 930-931 (Fla. 4th DCA 1996).
A Nelson inquiry[11] is appropriate when an indigent defendant attempts to discharge his current defense counsel and obtain new court-appointed counsel prior to trial, due to ineffectiveness of representation. Branch v. State, 685 So.2d 1250 (Fla.1996). If defense counsel recommends a defendant accept a plea offer, a Nelson inquiry is not required, absent allegations the lawyer is incompetent. Merelus v. State, 735 So.2d 552 (Fla. 3d DCA 1999).
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.

. § 893.13(l)(a)(l), Fla. Stat. (1997).

. § 893.03(2)(a)(4), Fla. Stat. (1997).

. § 893.13(6)(a), Fla. Stat. (1997).

. § 784.07(2)(b), 784.07(3), Fla. Stat. (1997).

. § 843.01, Fla. Stat. (1997).

. § 843.02, Fla. Stat. (1997).

. § 893.13(l)(a)l, Fla. Stat. (1997).

. § 893.13(6)(a), Fla. Stat. (1997).

. § 843.01, Fla. Stat. (1997).

. § 784.021(l)(a), Fla. Stat. (1997).

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).