PER CURIAM.
The appellant challenges an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The appellant made numerous claims, including allegations that trial counsel was ineffective by failing to ensure his presence during jury selection, and forcing him to testify, and refusing to present hypnotically refreshed testimony. The appellant also alleged that the court failed to make a proper inquiry under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), regarding a desire for self-representation. The appellant further alleged that the court denied him this right by refusing to entertain his motion as to this matter. In addition, the appellant claimed that his right to a fair trial was impaired when the jury found him guilty based on his past record. The appellant also presented a new evidence claim involving the victim’s motivation and the veracity of her testimony. He also based a claim on his alleged absence when the jury instructions were discussed. And he claimed that he was sentenced under an unconstitutional statute, as indicated in State v. Thompson, 750 So.2d 643 (Fla.1999).
All of the above-recited claims are either refuted by the attachments to the order denying relief, or are otherwise without merit. However, the appellant presented another claim which should not have been summarily denied. He alleged that counsel knew, but failed to apprise the court, *230 that while he was being escorted in a hallway by a bailiff at the end of the first day of trial, a juror said, “why are we wasting time on something like this, we know he’s guilty,” to which the bailiff responded, “I’m sorry but you all can’t talk or speak to a guilty man.” He alleged, further, that the court would have granted a mistrial had his attorney told it about the incident. The court rejected this claim because it was unsupported by any affidavit or corroboration, did not name either the juror or bailiff, and was not otherwise substantiated by the record. Such corroboration is not necessary. See Freeman v. State, 761 So.2d 1055 (Fla.2000). Because the allegations were legally sufficient and not rebutted by any record attachment, this claim alleging ineffective assistance of counsel should not have been summarily denied. Id.
The appealed order is affirmed in part and reversed in part as indicated herein, and the case is remanded for further proceedings under the rule.
BOOTH and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.