PER CURIAM.
We affirm the trial court’s summary denial of appellant’s postconviction relief motion. He claims that he was denied effective assistance of counsel because standby counsel appointed when appellant was permitted to represent himself was the very counsel dismissed in a Nelson inquiry. See Nelson v. State, 274 So.2d 256, 258-259 (Fla. 4th DCA 1973). However, appellant does not allege how this prejudiced, him in presenting his case, since. he agreed to a plea on his own. Therefore, we conclude that the court was correct in summarily denying the motion.
As to the second issue, appellant alleges a speedy trial violation, which could have been raised as an issue on appeal but was waived when he pled guilty. There is nothing presented in the record to this court that indicates that appellant expressly reserved the right to- appeal any issue upon his plea of guilty. See Fla. R.App. P. 9.140(b)(2)(A). Therefore, appellant’s second issue is not subject to appeal.
WARNER, SHAHOOD and TAYLOR, JJ., concur.