945 So.2d 662 (2007)
Timothy TYLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2560.
District Court of Appeal of Florida, Fourth District.
January 17, 2007.
*663 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
The issue in this case is whether the trial judge committed reversible error in failing to conduct inquiries pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), and Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Finding that the trial court successfully navigated between Nelson and Faretta, we affirm Tyler's convictions.
To say Tyler was caught red-handed is an understatement. In broad daylight, in front of many witnesses, Tyler stole the victim's purse and fled in his nearby vehicle. Next, Tyler led police on a high-speed chase which ended when he crashed into a fence. After arresting Tyler, police found the victim's wallet and identification in his car.
Our review of the record demonstrates not a genuine exercise of rights under Nelson and Faretta, but rather an attempt to game the system. Nine months after his arrest, Tyler moved to discharge his public defender; and the motion was denied. On the eve of trial, Tyler renewed the motion to discharge before another judge, who granted the motion. With new counsel, and before the judge who originally denied the motion to discharge, trial commenced. After the start of voir dire, Tyler moved to discharge his recently appointed counsel for ineffectiveness.
After conducting a Nelson inquiry, the court found that Tyler's counsel was competent and refused to replace him. Although given the opportunity, Tyler did not make an unequivocal demand to represent himself. See Hardwick v. State, 521 So.2d 1071, 1074 (Fla.1988) (noting that "courts have long required that a request for self-representation be stated unequivocally"). On several occasions, the court asked Tyler if he wished to represent himself. Tyler responded, "I'm not a lawyer . . . how can I represent myself . . . I don't know nothing about none of that there." Even though the court informed Tyler that he did not need to be a lawyer to represent himself, Tyler maintained that he did not have the capacity for self-representation.
This and other appellate courts have made clear that they will not permit the right to counsel to be used "for the sake of arbitrary delay or to otherwise subvert judicial proceedings." Foster v. *664 State, 704 So.2d 169, 173 (Fla. 4th DCA 1997) (citing Holley v. State, 484 So.2d 634, 636 (Fla. 1st DCA 1986)). "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." Id. Here, the record supports the trial court's determination that Tyler's Nelson and Faretta maneuverings were an attempt to delay prosecution, rather than a genuine exercise of rights under those cases.
SHAHOOD and HAZOURI, JJ., concur.