970 So.2d 478 (2007)
Ross ORTA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2716.
District Court of Appeal of Florida, Fifth District.
December 14, 2007.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
*479 PALMER, C.J.
Ross Orta appeals his judgment and sentence claiming that the trial court erred by denying his request for new counsel. We agree and therefore, reverse.
Orta pled guilty to the charge of fleeing or attempting to elude at high speed and was sentenced to a term of two years of probation. He subsequently pled guilty to violating his probation and received a sentence of 18 months' community control. The order of community control included a provision that Orta live and remain at liberty without violating any law.
An affidavit of violation of community control was subsequently filed alleging that Orta had committed the criminal offense of domestic violence. After three continuances, the matter proceeded to a hearing. During the hearing, Orta's counsel requested a fourth continuance arguing that she was not prepared to proceed. After listening to his counsel admit she was unprepared, Orta asked the trial court to appoint new counsel.
The trial court denied Orta's request for new counsel, stating that Orta had not sufficiently demonstrated, pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), that his lawyer was not fulfilling her job or was incompetent. The trial court indicated that it did not have an obligation to discharge counsel and to provide Orta with another court-appointed attorney, and that Orta's only choice, if he discharged his council, was to represent himself. Orta declined to discharge his attorney under those circumstances. The hearing proceeded. At the conclusion of the hearing, Orta was found guilty of violating his probation.
Orta moved for rehearing based on the fact that, after the violation of probation hearing, he was found not guilty by a jury on the underlying charge of domestic violence. The trial court denied the motion for rehearing and sentenced Orta to a term of eight years in the Department of Corrections.
Orta claims that the trial court erred by failing to discharge his counsel and to appoint new counsel. We agree.
When a defendant seeks to discharge his court-appointed counsel citing incompetency of counsel, the trial court should determine whether there is reasonable cause to believe that the court-appointed counsel is rendering ineffective assistance. If reasonable cause exists, the court should make such a finding on the record and appoint a substitute attorney, who should be allowed adequate time to prepare a defense. Weaver v. State, 894 So.2d 178 (Fla.2004).
Orta's counsel stated repeatedly that she was unprepared to proceed to trial. While counsel's admissions of incompetence are not binding on the trial court, the record is clear that trial counsel had failed to take any of the steps reasonably necessary to prepare for this hearing. On these facts, Orta had a legitimate complaint about his attorney and reasonable cause existed that his attorney was not competent to try the case. Accordingly, the trial court abused its discretion by failing to appoint new counsel for Orta. See Guardado v. State, 965 So.2d 108 (Fla.2007)(holding a trial court's decision involving withdrawal or discharge of counsel is subject to review for abuse of discretion).
REVERSED and REMANDED.
PLEUS and LAWSON, JJ., concur.