DAVIS, Judge.
 

 Kevin Moreland challenges the trial court order striking his pro se motion to withdraw plea after sentencing, which he filed pursuant to Florida Rule of Criminal Procedure 3.170(£) and in which he alleged that his plea was involuntarily entered because he was provided ineffective assistance of counsel. We reverse and remand for further proceedings.
 

 Moreland filed a pro se motion to withdraw plea, arguing that his counsel had been ineffective, that previously-filed motions to discharge counsel had never been ruled on, and that a Nelson
 
 [1]
 
 hearing had never been conducted. The trial court struck the motion as a nullity because Moreland was represented by counsel at the time he filed the pro se motion.
 

 The trial court is correct that a pro se motion to withdraw plea is indeed a nullity if at the time it is filed the defendant is represented by counsel and the motion does not include an unequivocal request to discharge counsel.
 
 See King v. State,
 
 939 So.2d 1196, 1196 (Fla. 2d DCA 2006) (“A rule 3.170(Z) motion to withdraw plea filed by a criminal defendant who is represented by counsel is a nullity, unless the defendant makes an unequivocal request to discharge counsel.”).
 

 Here, however, Moreland’s motion includes the following language: “Wherefore, the defendant humbly prays that this Court will grant this Motion and allow the defendant’s plea to be withdrawn. The defendant also humbly prays that upon withdrawing his plea, this Court will grant to the defendant a
 
 Nelson/Faretta
 

 [2]
 

 hearing.”
 

 Because a
 
 Nelson
 
 inquiry is only held when a defendant requests to discharge his or her counsel, we conclude that More-land’s request for a
 
 Nelson
 
 hearing amounts to an unequivocal request to discharge his counsel.
 
 See Nelson v. State,
 
 274 So.2d 256, 258-59 (Fla. 4th DCA 1973) (“[W]here a defendant ... makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent’s right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If rea
 
 *186
 
 sonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney_”).
 

 We simply cannot conceive of a reason that Moreland would request a
 
 Nelson
 
 hearing other than his desire to discharge counsel. We therefore reverse the court’s order striking Moreland’s motion as a nullity and remand for the court to address the merits of the motion.
 

 Finally, we note that Moreland also argues on appeal that the trial court erred in sentencing him as a prison releasee reof-fender (PRR) on four charges that are not subject to PRR sentencing. As this issue has not been raised before the trial court, it is not preserved and is not properly raised in this appeal of the trial court’s order striking a motion to withdraw plea.
 

 Reversed and remanded.
 

 CASANUEVA and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [2]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).