PER CURIAM.
Appellant was convicted by a jury of second degree murder and attempted second degree murder, after a shooting incident which resulted in one person’s death and injury to a bystander. We affirm the judgment and sentence, and write to address only one of the issues raised on appeal.
The trial court committed no error in denying Appellant’s request, at the conclusion of the sentencing hearing, to discharge his lawyer due to Appellant’s dissatisfaction with the attention he received from the lawyer between the time of the jury verdict and the date of sentencing. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), established that if a defendant moves to discharge his court-appointed counsel before trial on the basis that the lawyer is incompetent, the court “should make a sufficient inquiry” of the defendant and counsel to determine if there is “reasonable cause to believe that the court-appointed counsel is not rendering effec *353 tive assistance to the defendant.” Nelson v. State, 274 So.2d at 258.
Even if Appellant’s complaints about counsel’s lack attentiveness after the verdict could be interpreted as complaints that counsel was ineffective after the trial, Appellant’s request, immediately prior to the court’s imposing the sentence at the sentencing proceeding itself, was too late. As stated in Blanding v. State, 989 So.2d 173 (Fla. 1st DCA 2006), “[t]he Nelson inquiry has no role in past ineffectiveness of counsel.” Appellant did not complain about counsel’s performance at sentencing, where counsel reviewed the sentencing scoresheet and presented the testimony of witnesses and argued vigorously on Appellant’s behalf. As was the case in Denson v. State, 689 So.2d 1274, 1275 (Fla. 5th DCA 1997), Appellant “simply did not either timely or properly make an objection about his attorney that would warrant a Nelson inquiry.”
AFFIRMED.
HAWKES, CLARK, and SWANSON, JJ., concur.