LAMBERT, J.
The primary issue that we address in this appeal is whether the trial court’s failure to orally inform a parent in a termination of parental rights (“TPR”) proceeding of the right to assert an ineffective assistance of counsel claim in the circuit court necessitates the abatement of the direct appeal and a.remand to allow the parent to file the motion. Based on the facts and circumstances of this case, we hold that it does not. Accordingly, we affirm.
Appellant, T.D., is the eighteen-year-old mother of X.D., a minor child, not quite two years old. On June 25, 2015, Appel-lee, the Department of Children and Families (“DCF”), filed a petition for the invol *366 untary termination of Appellant’s parental rights with X.D.[1] Counsel was appointed to represent Appellant, and the final adjudicatory hearing was held on November 30, 2015. At the conclusion of this hearing, the court orally announced its ruling. Thereafter, on December 18, 2015, the trial court rendered a detailed final judgment terminating Appellant’s parental rights, continuing the child’s placement in foster care under the protective services of DCF, and placing the child in the permanent care and custody of DCF for subsequent adoption.[2] On December 21, 2015, Appellant, through her trial counsel, filed a notice 'of appeal. The following day, the court entered an order allowing Appellant’s trial counsel to withdraw and appointing her separate counsel for the appeal.
Appellant raises two issues on her direct appeal. Notably, she does not challenge the trial court’s factual findings or its conclusions of law in the final judgment terminating her parental rights.
Appellánt first argues that the court did not conduct an adequate inquiry consistent with Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), regarding her unelaborated request, during trial, to discharge her court-appointed counsel. Nelson requires that, in certain circumstances when a defendant in a criminal proceeding expresses a desire to discharge appointed counsel, the trial court must hold an evi-dentiary hearing to inquire of the defendant and defense counsel as to the reasons for the réquest. 274 So.2d at 258-59. Thereafter, the court must determine if there is reasonable cause to believe that counsel is not rendering effective assistance to the defendant. Id.[3] In the present case, even if we were inclined to extend the procedure described in Nelson to a TPR proceeding, Appellant would not be entitled to relief because Nelson does not require an inquiry by the court when the request to discharge counsel is made, as here, during trial. Haugabook v. State, 689 So.2d 1245, 1245-46 (Fla. 4th DCA 1997) (noting that the Nelson opinion, itself, provides that such a request be made “before the commencement of trial ” (quoting Nelson, 274 So.2d at 258-59)); accord Wilson v. State, 753 So.2d 683, 686-87 (Fla. 3d DCA 2000); Dukes v. State, 503 So.2d 455, 456 (Fla. 2d DCA 1987).
In her second ground, Appellant contends that the trial court erred by not orally instructing her at the conclusion of the adjudicatory hearing of her right to file a motion in the circuit court alleging inef *367 fective assistance of her court-appointed counsel, pursuant to J.B. v. Florida Department of Children & Families, 170 So.3d 780 (Fla.2015).
In J.B., the court expressly held that an indigent parent’s previously recognized constitutional right to counsel in proceedings to terminate parental rights included the right to effective assistance of that counsel and also required a means of vindicating that right. 170 So.3d at 785. The court also emphasized the “substantially heightened” interest in the prompt finality of the TPR proceeding due to “the very important consideration that must be given to the child’s interest in reaching permanency and tó the harm that results when permanency is unduly delayed.” Id. at 792-94. To ensure both prompt finality in the TPR proceedings and that ineffective assistance of counsel claims are also expeditiously addressed and resolved, the court established an interim procedure for bringing an ineffective assistance of counsel claim.[4] Id. at 794-95.
First, the court required that claims of ineffective assistance of trial counsel must be raised by the parent, in a motion filed by the parent without appointed counsel, within twenty days from the issuance of the TPR final judgment. Id. at 794. Tó ensure that parents are aware of this right, the court directed the trial courts, at the conclusion of the adjudicatory hearing, to orally advise the parents for whom counsel was appointed (not only of the right to appeal the final order to. the district court but also of their “right to file a motion in the.circuit court alleging that appointed counsel provided constitutionally ineffective assistance if the court enters a judgment terminating parental rights.” Id. Additionally, the court directed that the written judgment or order terminating parental rights must “include a brief statement informing the parents of the right to effective assistance [of counsel] and a brief explanation of the procedure for filing such a claim.” Id.
If the parent chooses tó file the motion, the parent must not only specifically identify the acts or omissions that constituted trial counsel’s deficient performance but also explain how the errors or omissions prejudiced the parent’s case “to such an extent that the result [in the TPR proceedings] would have been different absent the deficient performance.” Id. If the motion is filed, the trial court must promptly review the motion, order the compilation of the record on an expedited basis, and then conduct proceedings, including an eviden-tiary hearing, if necessary, to rule on the motion. Id. at 795. The trial court must enter an order on the motion within twenty-five days from the date the motion is filed, or the motion will be deemed denied. Id. Moreover, the rendition of the final order in the TPR proceeding is tolled for purposes of the appeal until the circuit court issues an order on the pro se ineffective assistance of counsel motion. Id. The appellate court thereafter reviews both orders in the single appeal. Id.
In its brief, DCF concedes that the trial court did not provide Appellant with the oral notice required by J.B. regarding her right to file a motion alleging ineffective assistance of her trial counsel. .The court, however, did include in its final judgment the following written notice to Appellant regarding her right to file such a motion:
*368 NOTICE REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL YOU HAVE THE RIGHT TO THE EFFECTIVE ASSISTANCE OF APPOINTED COUNSEL IN THIS TERMINATION OF PARENTAL RIGHTS PROCEEDING. YOUR ATTORNEY MUST PROVIDE REASONABLE, PROFESSIONAL ASSISTANCE. YOU HAVE THE RIGHT TO FILE A WRITTEN MOTION WITH THE COURT ALLEGING THAT COUNSEL’S PERFORMANCE WAS INEFFECTIVE. IN ANY SUCH WRITTEN MOTION YOU MUST IDENTIFY SPECIFIC ERRORS OF COMMISSION OR OMISSION THAT UNDER THE TOTALITY OF CIRCUMSTANCES EVIDENCE DEFICIENCIES IN THE EXERCISE OF REASONABLE, PROFESSIONAL JUDGMENT IN THE CASE. YOU MUST ALSO ESTABLISH THAT CUMULATIVELY THE DEFICIENT REPRESENTATION SO PREJUDICED THE OUTCOME OF THE TRIAL THAT BUT FOR THE DEFICIENT REPRESENTATION YOUR PARENTAL RIGHTS WOULD NOT HAVE BEEN TERMINATED. IF YOU DECIDE TO FILE A WRITTEN MOTION YOU MUST DO SO WITHIN 20 DAYS OF THE DATE OF THIS ORDER. A MOTION MUST BE FILED BY YOU AND NOT AN APPOINTED ATTORNEY ON YOUR BEHALF. COPIES OF A MOTION MUST BE SENT TO ALL PARTIES. A MOTION MUST CONTAIN THE CASE NAME AND CASE NUMBER AND INDICATE THE DATE THIS ORDER WAS ISSUED BY THE COURT. A MOTION MUST IDENTIFY SPECIFIC ACTS OR OMISSIONS IN . REPRESENTATION THAT CONSTITUTE A FAILURE TO PROVIDE REASONABLE, PROFESSIONAL ASSISTANCE. YOU MUST EXPLAIN HOW ERRORS OR OMISSIONS PREJUDICED YOUR CASE TO THE EXTENT THAT THE RESULT WOULD HAVE BEEN DIFFERENT WITHOUT APPOINTED COUNSEL’S DEFICIENT PERFORMANCE.
Pursuant to the interim rules established in J.B., Appellant had until January 7, 2016, to file her pro se motion. At no time did Appellant file a motion alleging ineffective assistance of counsel, nor did her conflict-free appellate counsel, who was appointed on December 22, 2015, represent in the initial brief that such a motion had been prepared and that jurisdiction should be relinquished to allow the trial court to belatedly consider such- a motion.
In J.B., the court recognized that there is a “strong presumption” that the attorney representing the parent “has provided reasonable, professional assistance.” Id. at 792. The court also held that the ineffective assistance of counsel standard applied in criminal cases; as established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was not applicable in TPR proceedings. Id. at 792-93. Strickland permitted relief if the deficient performance of counsel was sufficiently prejudicial so that “confidence in the outcome [of the criminal proceeding] is undermined.” Id. at 791 (citation omitted). Instead, the court held that, to overcome the presumption of competent representation in the TPR context, “the parent must establish that, cumulatively, [counsel’s] deficient representation so prejudiced the outcome of the TPR proceeding that but for counsel’s deficient representation the parent’s rights would not have been terminated.” Id. at 792. “This requires a showing of prejudice that goes beyond the *369 Strickland requirement that confidence in the outcome is undermined.” Id. at 793.
Here, given that the minor child has been in DCF’s protective custody for essentially his entire life, and given the heightened necessity for the timely determination of TPR proceedings and the high standard of proof required to establish ineffective assistance of counsel in these cases, we are unwilling to reverse or delay an otherwise unchallenged final judgment under the present circumstances. While the trial court failed to provide oral notice of the right to assert an ineffective assistance of counsel claim, Appellant has made no effort to demonstrate even a prima facie claim of ineffective assistance of trial counsel.
AFFIRMED.
EVANDER and COHEN, JJ., concur.

-, The. father of the child is not presently . known!

: In -its final judgment, the court found that before the minor child was two months old, he had been sheltered pursuant to court order and had remained in foster care with protective services supervision by DCF throughout the case. The court also found that at the time of the shelter, Appellant was sixteen years old and that she had also been adjudicated a dependent child. The court found that a reunification case plan had been filed approximately fourteen months prior, to the final adjudicatory hearing, but that Appellant’s compliance with the plan ceased when she entered “runaway status” on December 5, 2014. The court further found that Appellant failed to Comply with an updated substance abuse evaluation, did not comply with random drug screens', did not comply with her medication protocol recommended after her psychiatric evaluation, did not fully complete her required parenting course, did not complete her individual counseling, and did not visit or communicate with the child from December 5, 2014, through September 22, 2015, while on runaway status. Moreover, the court found that the testimony of Appellant and her boyfriend at. trial was not credible.

. The Nelson procedure was "approved by the Florida Supreme Court in Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988).

. The court directed that the interim procedure created should remain in effect until rules governing such a process are approved by the court, and it provided that the permanent process and the attendant rules will be developed by a special committee selected by the chief justice of the court. J.B., 170 So.3d at 795.