IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RENO WOLFGANG,

       Appellant,

 v.                                      Case No.  5D16-3128

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed March 3, 2017

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Reno Wolfgang, Punta Gorda, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas Squire, Assistant
Attorney General, Daytona Beach, for
Appellee.

COHEN, C.J.

Reno Wolfgang appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Wolfgang's motion raises thirty-eight grounds, most of which are either legally insufficient or refuted by the postconviction court's order. For the legally insufficient claims, Wolfgang should have been allowed an opportunity to amend his motion. Fla. R. Crim. P. 3.850(f)(3); Spera v. State, 971 So. 2d 754 (Fla. 2007). We reverse and remand to provide Wolfgang an opportunity to amend,

if possible, grounds three, four, and twenty. In addition, we reverse and remand for the trial court to attach records conclusively refuting grounds nine, twenty-four, and thirty-three or to hold an evidentiary hearing on those claims. See Fla. R. App. P. 9.141(b)(2)(D). We affirm the postconviction court's summary denial of the remainder of Wolfgang's claims.[1]

Wolfgang was found guilty of five counts of lewd or lascivious battery on a child between the age of twelve and sixteen years old, one count of using the internet to lure a child, three counts of traveling to meet a minor for illegal sexual conduct, and eight counts of transmitting material harmful to a minor. His convictions and sentences were affirmed on direct appeal. Wolfgang v. State, 146 So. 3d 1205 (Fla. 5th DCA 2014).

Claims for ineffective assistance in violation of a defendant's Sixth Amendment right to counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). Strickland established a two-prong analysis: 1) the defendant must show that counsel's performance was deficient—counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and 2) that the deficient performance prejudiced the defendant—there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 446 U.S. at 687, 694.

---

[1] Wolfgang divided his grounds into the basic phases of trial—pre-trial, trial, and sentencing—then numbered the claims within each section separately. For simplicity, we have elected to number each of Wolfgang's claims sequentially in the order they are presented in his petition.

In ground three of his motion, Wolfgang alleges that his counsel lied during a Nelson[2] hearing and in her response to a Florida Bar complaint he filed. Wolfgang asserts that had counsel been truthful, she would have been removed and replaced by a lawyer who "may have been effective." Wolfgang's claim of prejudice is facially insufficient because it relies on mere speculation. He should, however, be given an opportunity to amend. See Spera, 971 So. 2d at 758; Fla. R. Crim. P. 3.850(f)(3).

Wolfgang next argues, in ground four, that his trial counsel was ineffective for failing to suppress audiotaped statements he made to the police. The transcript attached to the postconviction court's order includes some statements that arguably invoked Wolfgang's right to remain silent; yet the records attached to the order do not demonstrate that Wolfgang's counsel moved to have portions of the audiotaped statement suppressed. Therefore, the court erred in summarily denying this claim. Although Wolfgang presents a colorable claim for deficient performance, however, his allegation of prejudice is facially insufficient because he merely alleges, "but for Counsel's deficient performance the outcome of the trial would have been different." Such a generic and conclusory statement of prejudice is insufficient for rule 3.850 purposes. See Jones v. State, 998 So. 2d 573, 584 (Fla. 2008). Under these circumstances, the postconviction court should have given Wolfgang the opportunity to amend ground four.

In ground nine, Wolfgang argues that his counsel was ineffective for failing to follow a trial court order that required counsel to meet with him to review and discuss the discovery. He alleges that he was prejudiced by this failure because it precluded

---

[2] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

discussion of strategy to impeach a State witness. The records attached to the postconviction court's order actually support Wolfgang's claim that counsel did not review discovery with him. On remand, the trial court must either attach other records that conclusively refute this allegation or hold an evidentiary hearing.

Regarding ground twenty, Wolfgang alleges his counsel was ineffective for failing to admit into evidence all of the e-mails and text messages in this case, under the rule of completeness, rather than to allow the State to introduce only the messages it chose. Wolfgang claims the additional documentation would have ensured that the evidence was not taken out of context, and it would have supported his entrapment defense. Again, Wolfgang's claim for relief is facially insufficient as to prejudice. He merely claims, in a conclusory fashion, that the messages would have "been an important part" of his defense. He does not elaborate on what the text messages and e-mails would have shown, instead only claiming that a complete review would have helped his case. Wolfgang should have been allowed an opportunity to amend his facially insufficient claim.

As to ground twenty-four, at trial and apparently without objection, the State introduced certain items recovered from Wolfgang's truck, including restraints, a dog collar, and pepper spray. Wolfgang claims that counsel was ineffective in failing to object to this evidence as irrelevant. In denying this claim, the postconviction court found that those items were not introduced to support any claim at trial—which is precisely Wolfgang's point. We reverse the summary denial of this ground and remand for the court to either attach records that conclusively refute the claim or to hold an evidentiary hearing.

4

Finally, in ground thirty-three, Wolfgang argues that his counsel was ineffective for failing to move to recuse the trial judge. At sentencing, Wolfgang claims that the trial judge told him "he no longer exists anymore." The postconviction court did not consider this claim, melding it into a discussion of another motion to disqualify that Wolfgang had filed at an earlier stage of the case. We reverse and remand for the postconviction court either to attach records refuting this claim or to hold an evidentiary hearing.

In sum, we reverse and remand for attachment of records or an evidentiary hearing on grounds nine, twenty-four, and thirty-three. We reverse and remand to provide Wolfgang an opportunity to amend, if possible, grounds three, four, and twenty. As to all other grounds, we affirm.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

SAWAYA and ORFINGER, JJ., concur.