Gross, J.
Appellant was convicted of multiple counts, including first degree murder with a firearm, and sentenced to life in prison. He appeals the denial of his motion to suppress evidence and the adequacy of the Nelson[1] inquiries into his allegations of counsel’s incompetence. We affirm on both issues, but write to address the second.
Despite having counsel, appellant inundated both the trial court and this court with pro se filings stemming from the charges at issue in this appeal. Throughout the circuit court proceedings, appellant *116 lodged complaints against the four attorneys who successively represented him. On appeal, appellant takes issue with the trial court’s handling of complaints directed at his appointed counsel after trial began.
After several of the state’s witnesses testified, appellant asked to absent himself from court to write an “advisory,” pursuant to section 27.40(9), Florida Statutes (2015), which allows an “interested person” to advise the court of “any circumstance affecting the quality of representation.” Appellant gave the court permission to proceed in his absence.
Appellant’s advisory took issue with his counsel’s trial strategy and asserted counsel was working “in concert with the state to ensure [appellant’s] conviction.” The trial court treated the advisory as a written request for a Nelson hearing. Appellant added nothing further to the arguments raised in his written advisory. To refute appellant’s claims, counsel insisted he had done his best to prepare for trial and felt he was “fighting this case on two fronts” due to appellant’s constant complaints. The trial court found counsel’s representation to be competent and appellant’s motion to discharge counsel was denied.
After the last defense witness testified, appellant again voiced displeasure with his representation, making general allegations about counsel’s trial strategy and claiming counsel was working with the state to harm appellant’s case. When asked for specific details establishing how counsel was ineffective, appellant insisted the record spoke for itself. Again, the court rejected appellant’s assertion that his counsel was incompetent and appellant’s request for a Nelson hearing was denied. Appellant declined the opportunity to represent himself.
We review a trial court’s handling of a Nelson inquiry for an abuse of discretion. Wilson v. State, 889 So.2d 114, 117 (Fla. 4th DCA 2004). Here, no abuse of discretion occurred because (1) appellant’s requests for Nelson hearings were untimely and (2) appellant failed to raise specific allegations of incompetence warranting a Nelson hearing; the vague complaints were designed to create chaos at trial in the hope of creating an appellate issue.
Appellant’s complaints about his counsel were raised after trial began, making them untimely. See Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) (explaining an inquiry is only necessary when the defendant wishes to discharge court-appointed counsel “before the commencement of trial”). As we explained in Hauga-book v. State, to allow a defendant to initiate Nelson hearings during trial “would be impracticable” because the defendant could force the court to stop the proceedings and hold the mandated Nelson inquiry for “every single tactical action trial counsel takes that the defendant disagrees with.” 689 So.2d 1245, 1246 (Fla. 4th DCA 1997). “The rule in Nelson was designed as a prophylactic measure to prevent a trial from commencing—not to abort a trial already in progress.” Id.
Even if appellant’s grievances against counsel were timely, the trial court did not err by refusing to hold a more extensive Nelson inquiry. An abuse of discretion occurs if the trial court fails to provide an opportunity for the defendant to explain the objection to counsel. Moore v. State, 778 So.2d 1054, 1056 (Fla. 4th DCA 2001). However, there is no abuse of discretion if a trial judge refuses to conduct a Nelson inquiry “where the defendant merely expresses his general dissatisfaction with counsel.” Wilson v. State, 889 So.2d at 118 (internal citation omitted). Nor does a trial court err by failing to conduct a Nelson hearing when a defendant expresses general dissatisfaction with *117 counsel’s trial preparation, witness development, or lack of contact with the defendant. Id. (citing Morrison v. State, 818 So.2d 432, 440 (Fla. 2002)).
Thus, “[t]o trigger a Nelson hearing, a defendant must raise specific allegations of attorney incompetence sufficient to warrant the inquiry; it is not the job of the trial judge to become an advocate for the defendant, assisting in developing the grounds that demonstrate counsel’s deficient performance.” Id. at 118-19.
Here, appellant’s complaints amounted to generalized dissatisfaction with his counsel’s trial strategy and failure to implement what appellant believed was the best course of action. Because appellant’s complaints were untimely and failed to raise specific allegations, the trial court did not err by denying appellant a moré extensive Nelson inquiry.

Affirmed.

Ciklin, C.J. and Kuntz, J., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).