IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


E.L., FATHER OF E.L., A CHILD,

      Appellant,

 v.                                                                    Case No.  5D18-2238

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellee.

_____/

Decision filed September 25, 2018

Appeal from the Circuit Court
for Orange County,
Timothy R. Shea, Judge.

Ryan Thomas Truskoski, of Ryan Thomas
Truskoski, P.A., Orlando, for Appellant.

Kelley Schaeffer, of Department of Children
& Families, Children's Legal Services,
Bradenton, for Appellee.

Patrick John McGinley, of Law Office of
Patrick John McGinley, P.A., Winter Park,
and Thomasina Moore, Statewide Director
of Appeals, and Sara E. Goldfarb,
Appellate Counsel, of Guardian ad Litem
Program, Tallahassee, for Guardian ad
Litem Program.

PER CURIAM.

AFFIRMED.

TORPY and BERGER, JJ., concur.
EVANDER, J., concurs, with opinion.

EVANDER, J., concurring.

This is an appeal of a final judgment of termination of parental rights (TPR). Appellant does not challenge any of the trial court's findings of fact and conclusions of law. Rather, he argues that he is entitled to a new trial because the trial court failed to conduct a *Nelson*[1] hearing when, at the outset of his trial, he expressed dissatisfaction with his appointed counsel. Because this issue was not preserved below, affirmance is appropriate. I write to suggest that the strict standards set forth in *Nelson* should not apply in termination of parental rights (TPR) cases.

In *Nelson*, our sister court stated:

> [W]here a defendant, *before the commencement of trial,* makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.

*Nelson*, 274 So. 2d at 258, 259 (emphasis added).

---

[1] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

The Florida Supreme Court has expressly held that the right to counsel in TPR cases includes the right to effective assistance of counsel. *J.B. v. Fla. Dep't of Children & Families*, 170 So. 3d 780, 785 (Fla. 2015). However, in determining the means to vindicate the right to effective assistance of counsel in TPR cases, the court recognized that the State has a stronger interest in finality than it does in criminal cases:

> Although the State has a significant interest in the finality of both criminal and TPR judgments, the interest in finality is substantially heightened in the TPR context by the very important consideration that must be given to the child's interest in reaching permanency and to the harm that results when permanency is unduly delayed.

*Id.* at 792.

As a result, in the context of an ineffective assistance of counsel claim, the court concluded that it was not appropriate to simply transplant the standards governing criminal cases, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the court required "a showing of prejudice that goes beyond the *Strickland* requirement that confidence in the outcome is undermined." *J.B.*, 170 So. 3d at 793. Instead, a parent must show that deficient representation so prejudiced the outcome of the TPR proceeding that "but for counsel's deficient representation the parent's rights would not have been terminated." *Id.* at 792.

In further recognition of the State's "substantially heightened" interest in finality in TPR cases, the court also concluded that a parent is required to file a motion alleging a claim of ineffective assistance of counsel within twenty days after a TPR judgment and, in that motion, explain how counsel's alleged ineffective representation prejudiced the parent's case "to such an extent that the result would have been different absent the deficient performance." *Id.* at 794.

4

Consistent with *J.B.*, I do not believe that it is appropriate simply to transplant *Nelson* and the body of caselaw that it has spawned into the TPR context. *See J.B.*, 170 So. 3d at 792 ("We therefore conclude that it is not appropriate simply to transplant *Strickland* and the body of case law that it has spawned into the TPR context.")

First, I do not believe that a request for substitute counsel is timely, as a matter of law, simply because it occurs before the actual commencement of trial. Rather, in determining the timeliness of an indigent parent's request for substitute counsel, a trial court should consider whether the indigent parent has acted in a diligent manner in bringing his or her dissatisfaction with appointed counsel to the attention of the trial court. *See In re Lillian SS.*, 45 N.Y.S.3d 640, 646 (N.Y. App. Div. 2017) (holding request for substitute appointed counsel in abuse and neglect proceeding must be based on good cause; court must consider "timing of the . . . request, its effect on the progress of the case and whether present counsel will likely provide . . . meaningful assistance"; substitution designed to remedy impairments to effective representation, not reward truculence with delay"). For example, in the instant case, Appellant's primary complaint was that his appointed counsel erroneously advised him to consent to a case plan, which occurred almost two years prior to the filing of the TPR petition and almost two and one-half years before commencement of his trial. However, Appellant failed to bring this matter to the trial court's attention until the day of trial. Thus, I believe, this complaint was untimely.

Second, because of the state's overriding interest in providing permanency for a child, and consistent with *J.B.*, the parent should be required to file a post-trial, pre-appeal motion explaining how, but for the trial court's failure to appoint substitute counsel, the

5

parent's rights would not have been terminated. Although a trial court should always make appropriate inquiry when an indigent parent makes a timely request for substitute counsel based on alleged ineffective assistance of counsel, I believe the prejudice standard to be applied when the trial court errs in failing to appoint substitute counsel should be consistent with the prejudice standard for ineffective assistance of counsel claim pronounced by the Florida Supreme Court in *J.B.* Here, Appellant made no effort to explain how the trial court's failure to appoint substitute counsel prejudiced him "to such an extent that the result would have been different."

For all the reasons set forth above, I believe the final judgment terminating Appellant's parental rights is properly affirmed.