[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12983

Non-Argument Calendar

_____

PEDRO ANTONIO ALARCON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80006-DMM

_____

Before JILL PRYOR, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Pedro Alarcon, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[2]  We granted a certificate of appealability on this issue: "[w]hether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address Alarcon's claim that his trial counsel acted ineffectively by allowing the prosecutor to be involved in attorney-client relations."  Reversible error has been shown; we vacate without prejudice and remand for additional proceedings.

We review *de novo* legal questions presented in a certificate of appealability.  *See Dupree v. Warden*, 715 F.3d 1295, 1299-1300 (11th Cir. 2013).

In *Clisby*, we instructed district courts to resolve each constitutional claim presented in a 28 U.S.C. § 2254 petition for writ of habeas corpus, regardless of whether relief was granted or denied.

---

[1] We read liberally appellate briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Alarcon is serving a 20-year sentence after pleading guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846.

*See Clisby*, 960 F.2d at 935-36.  The rule announced in *Clisby* also extends to section 2255 motions.  *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).  Under our precedent, if the district court fails to consider a claim raised by a movant on collateral review, we will vacate the district court's decision without prejudice and remand the case to allow the district court to consider the unresolved claim.  *See Clisby*, 960 F.2d 938.

"A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree*, 715 F.3d at 1299.  No *Clisby* error occurs when a movant fails to present adequately the claim to the district court.  *See Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251 (11th Cir. 2020) (concluding that passing references to an issue were insufficient to state clearly an independent claim for *Clisby* purposes).

Construed liberally, Alarcon's *pro se* section 2255 motion presented adequately Alarcon's claim that his trial lawyer was ineffective for failing to object to the prosecutor's alleged involvement in the attorney-client relationship.  Alarcon titled "Ground Two" of his section 2255 motion this way: "Ineffective assistance of counsel by allowing prosecutor's involvement in attorney-client relations and ignoring prosecutor's threats to coerce Alarcon's plea." In the "supporting facts" section under Ground Two, Alarcon alleged facts pertinent to two discrete events: (1) the prosecutor's presence during what was supposed to have been an *ex parte*

*Nelson*[3] hearing to discuss Alarcon's concerns about his lawyer's representation and defense strategy; and (2) the prosecutor's alleged threats to seek an enhanced sentence under 21 U.S.C. § 851 if Alarcon moved to suppress evidence. In an attached memorandum of law in support of his section 2255 motion, Alarcon presented -- in two separate paragraphs -- arguments focusing on the prosecutor's alleged participation in the *Nelson* hearing and on the prosecutor's alleged threat to seek an enhanced sentence under section 851.

The "clear and simple language" used in Alarcon's section 2255 motion and supporting memorandum was enough to alert district courts that Ground Two consisted of two distinct ineffective-assistance-of-counsel claims, including a claim based on Alarcon's lawyer's failure to object to the prosecutor's alleged participation in the *Nelson* hearing.

The district court specifically characterized Ground Two as asserting that "[c]ounsel was ineffective for permitting the prosecutor to coerce Movant's guilty plea": just one claim. Because the district court seems to have failed to decide Alarcon's ineffective-assistance-of-counsel claim arising from the *Nelson* hearing, the

---

[3] *Nelson v. State*, 274 So. 2d 256, 258 (Fla. Dist. Ct. App. 1973) ("[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge.").

district court's denial order does not comply with the rule established in *Clisby*.

We vacate without prejudice the district court's denial of Alarcon's section 2255 motion and remand for further proceedings. In doing so, we hint at no stance on the merits of the unresolved claim. *See Dupree*, 715 F.3d at 1299 ("[A]ddressing the merits of [a petitioner's] claim exceeds the scope of our review, which is limited to the *Clisby* issue specified in the certificate of appealability.").

VACATED AND REMANDED.